CITY OF JACKSONVILLE, APPELLANT, VS. JACOB HUFF, APPELLEE.

1. By the ordinance of the city of Jacksonville passed September 30, 1889, owners of lots, within the city limits, fronting on or abutting upon any street or lane within the limits fixed for special taxation for water works and fire protection, with certain specified exceptions, were required to construct, repair or otherwise have in thorough repair, within sixty days after the

approval and publication of the ordinance, and thereafter keep and have in thorough repair. a good and sufficient sidewalk or foot pavement, constructed of stone, hard brick, artificial stone, or pine plank laid smooth not less than six feet wide, and upon the failure of a lot owner to construct, repair or maintain such sidewalk or foot pavement as required, the city had the right to construct the same and enforce, in a court of chancery, the cost of construction upon the lot or lots along which such sidewalks or pavements are constructed or repaired.

2. A bill alleged that defendant. a lot owner in the city of Jacksonville, had not complied with the provisions of the ordinance of the city passed September 30, 1889, in reference to keeping and repairing a sidewalk at a designated locality in the city and the answer denied positively the allegations of the bill: *Held*, The sworn answer not being overcome by two witnesses or one witness and corroborating circumstances, that the bill was properly dismissed.

3. The finding of a chancellor on the testimony taken before an examiner will not be given the same effect as the verdict of a jury, but the chancellor's conclusions solely on facts will not be reversed unless it clearly appears that he has erred in such conclusions.

Appeal from the Circuit Court for Duval county.

The facts in the case are stated in the opinion of the Court.

*Stephen E. Foster*, for Appellant.

*M. C. Jordan*, for Appellee.

Mabry, J.:

The city of Jacksonville filed a bill against appellee to enforce an alleged lien on lot 4, block 23, in the city of Jacksonville, the property of appellee, for money expended by the city in constructing a sidewalk on Monroe street in front of said lot. The lien

claimed for the money expended in constructing the sidewalk is based upon the provisions of an ordinance of the city, passed in September, 1889, entitled "An ordinance to regulate, provide for and compel the construction and repair of sidewalks and foot pavements." The first section of the ordinance provides that the owner or owners of every lot, piece or parcel of land, within the corporate limits of the city, that may front on or abut upon any street or lane, whether the same be owned in fee simple or held under any other title, shall be bound to construct, repair, or otherwise have in thorough repair, within sixty days after the approval and publication of the ordinance, and thereafter to keep and have in thorough repair a good and sufficient sidewalk or foot pavement, constructed in the manner, to the width, and of the materials thereinafter mentioned and described as specifications for the respective localities, along the whole length and depth of said lot, piece or parcel of land as the same fronts or abuts on the street or lane; said sidewalk to conform to the grade as established by the city engineer, who shall furnish, stake and mark, free of charge, the grade therefor when requested so to do by any person desiring to conform a sidewalk to the proper grade.

The second section of the ordinance provides the manner in which the sidewalks or foot pavements shall be constructed, their width, the materials to be used, and specifications for the respective localities in the city. On all streets within the limits fixed for special taxation for water works and fire protection, with certain exceptions mentioned, the sidewalks were required to be of stone, hard brick, artificial stone, or pine plank laid smooth, not less than six feet wide.

The fifth section provides that the owner or owners of any lot, piece or parcel of land within the corporate limits of the city shall be required, after sixty days from the publication of the ordinance, to keep and always have in thorough repair a good and sufficient sidewalk or foot pavement, constructed as required by the foregoing provisions of the ordinance, and such owner or owners shall comply with an order of the board of public works so to do, within ten days after notice thereof shall have been posted on said land, or the owner thereof otherwise notified.

The sixth section provides that the owner or agent of any land within the city limits shall, within twenty-four hours after being notified by the board of public works, the city marshal, or any member of the police force, remove or repair any sidewalk, fence or other structure in any street or lane abutting on or upon said land, which may be considered dangerous or detrimental to the citizens; any sidewalk or foot pavement required by this section to be removed or repaired may be required by the board of public works to be repaired or replaced so as to comply with the provisions of the first and second sections of the act within ten days after notice thereof shall have been posted on the land, or the owner otherwise notified.

The seventh section provides that if any owner or owners of any lot or lots of land within the limits of the city shall fail to comply with any of the provisions of the ordinance within the time therein prescribed, the board of public works may contract for the construction or repair of such sidewalks or foot pavements, and the amount contracted to be paid for the same by the city shall be a lien upon said lot or lots along which such sidewalks or pavements are con-

structed or repaired, and such amount may be assessed as a special tax against the lot or lots adjoining which such sidewalk or foot pavement shall be constructed or repaired, or the same may be enforced by suit at law. or in equity, or the said amount may be recovered against said owner or owners by suit before any court of competent jurisdiction.

The bill alleges that the appellee was, on the 14th day of July, 1891, prior thereto, and since, the owner of lot 4, block 23, in the city of Jacksonville, situated at the southeast corner of Main and Monroe streets, and the lot fronts and abuts on Monroe street between Ocean and Main streets, within the limits fixed by ordinance for special taxation for water works and fire protection; that he failed to have, keep up and maintain in repair a good and sufficient sidewalk or foot pavement as required by said ordinance, and an order of the board of public works of the city, so to do, was duly made, of which appellee was duly notified. That he failed to comply with said order within ten days after said notice, and the board of public works contracted for the construction of, and caused to be constructed, for a sum of money stated, a sidewalk or foot pavement along the whole length of said lot as the same abuts on Monroe street, and which sum the city had paid; that said sidewalk was constructed of the material and in the manner prescribed by said ordinance, and a lien in favor of the city for the amount paid is claimed.

The appellee answered the bill, admitting that he was the owner of lot 4, block 23, but denied that he had failed to have, keep and maintain in repair a good and sufficient sidewalk or foot pavement, as al-

leged in the bill, and further denied the material allegations therein.

After replication filed, proof was taken and the bill dismissed on final hearing. The city appealed.

We do not give to the finding of a chancellor solely on the testimony taken before an examiner the same effect that we do to the verdict of a jury, or the finding on the facts of a referee, but we will not reverse the conclusion of a chancellor solely on the facts, unless it clearly appears that he has erred in such conclusion. Waterman vs. Higgins, 28 Fla. 660, 10 South. Rep. 97; Fuller vs. Fuller, 23 Fla. 236, 2 South. Rep. 426. The sidewalk in question here is on Monroe street, within the limits fixed for special taxation for water works and fire protection, and, according to the requirements and specifications of section 2 of the ordinance, must be of stone, hard brick, artificial stone, or pine plank, laid smooth, not less than six feet in width. The bill alleges that appellee did not comply with the provisions of the ordinance in reference to the having and keeping in repair the required sidewalk on Monroe street, and the answer positively denies this allegation. The sworn responsive answer of a respondent imposes the burden upon the complainant of overcoming it by two witnesses, or one witness and corroborating circumstances. Kellogg vs. Singer Manufacturing Co., 35 Fla. 99, 17 South. Rep. 68. On the facts of this case we can not say that the chancellor erred in dismissing the bill, and on this ground the decree will be affirmed.

Ordered accordingly.