WILLIE ADAMS STRINGFELLOW and T. B. STRINGFELLOW, her husband, *Appellants,* v. DOROTHY ADAMS, ROBERT T. ADAMS, in his own right and ROBERT T. ADAMS, as Guardian ad litem for and as Guardian of Dorothy ADAMS, and APAHA HOTEL COMPANY, a corporation *Appellees.*

Division B.

Opinion filed March 24, 1930.

Petition for rehearing granted April 9, 1930.

Decree re-affirmed May 28, 1930.

624

*Thomas W. Fielding,* for Appellant;

*Hampton & Green* and *Martin & Hocker,* for Appellees.

BUFORD. J.—This was a suit to cancel a deed. The bill of complaint after setting forth in detail the alleged facts and circumstances in connection with the execution and delivery of the deed sought to be canceled alleges:

"That the said pretended deed that is mentioned in the fifth paragraph in this bill was made wholly without consideration, other than that of the alleged 'natural love and affection which the party of the first part bears to the party of the second part, who is her grand-daughter'; and complainants aver that such expressed consideration was not correct, and was not the moving cause for the execution of the said pretended deed, but that the said pretended deed was

not in truth and in fact the deed of the said Dorothy C. Edwards. And complainants show that the said pretended deed was and is no deed, and it did not convey the title of the said Dorothy C. Edwards to the said minor child of R. T. Adams, the said Dorothy Adams, and that said deed is a nullity and is void, because that alleged deed was obtained from said Dorothy C. Edwards by improper influences, unlawful influences and undue influences that were exerted upon the weak, impaired, diseased and unsound mind of the said Dorothy C. Edwards by her son the said R. T. Adams, and by his family as aforesaid, and including the said Mary Boyd, the sister of the said Dorothy C. Edwards."

There were about 600 pages of testimony and exhibits as shown here by the transcript of record. On final hearing the chancellor in his findings, amongst other things, says:

"I find that the complainants have not sustained by competent proof the allegations of their bill and are not entitled to any relief that is asked, and the bill should be dismissed at the cost of the complainants."

The final decree from which the appeal is taken was:

"It is considered and ordered that the complainants have not sustained their bill, and are not entitled to any relief prayed, and

"It is considered and ordered that the bill be and the same is dismissed at the cost of the complainant."

Besides the main assignment of error which is based upon the court entering the final decree above referred to, there are six (6) of what is termed "sub-assignments of error", which are addressed to different rulings of the

court made during the progress of the cause. Under the provisions of Sec. 4499 C. G. L. 1927, 2812 R. G. S., this court has repeatedly held that a judgment should not be reversed or a new trial granted in any case, civil or criminal, for errors in rulings upon the admission or rejection of evidence, or for errors in giving or refusing charges, or for errors in any other matter of procedure or practice, unless it shall appear to the court from a consideration of the entire cause that such errors injuriously affect the substantial rights of the complaining party. Johnson v. State, 80 Fla. 61, 85 So. R. 155; Shuler v. State, 84 Fla. 414, 63 So. R. 672; Ellis v. State, 86 Fla. 56, 97 So. R. 287; Henderson v. State, 94 Fla. 318, 113 So. R. 689.

While the statute above referred to applies in terms to civil and criminal cases, it is but a re-statement of the rule which has long obtained in chancery causes and therefore merely extends the rule to other causes. Travis v. Travis, 81 Fla. 309, 87 So. R. 762; Hill v. Beecham, 79 Fla. 430, 85 So. R. 147; Patrick v. Kirkland, 53 Fla. 768, 43 So. R. 969; Holmberg v. Hardee, 90 Fla. 787, 108 So. R. 211; Fielding v. First National Bank, 76 Fla. 545, 80 So. R. 308.

It may be generally stated that error without injury is not ground for reversal. Morgan v. Carlton, 73 Fla. 895, 75 So. R. 953.

It is also well settled that on questions of fact the finding of the chancellor will not be reversed, unless it clearly appears that he has erred in his conclusions. Waterman v. Higgins, 39 Fla. 8, 21 So. R. 774; Johns v. Bowdoin, 72 Fla. 530, 73 So. R. 603; Sandlin v. Hunter Company, 70 Fla. 514, 70 So. R. 553; Mannasse v. Dutton Bank, 75 Fla. 327, 78 So. R. 424; McCook v. Caruthers, 87 Fla. 238, 99 So. R. 559.

The record in the case clearly sustains the finding of the chancellor and the decree based thereon as hereinbefore quoted. The other matters and things brought to the attention of the court by the assignments, or as they are called, sub-assignments of error, do not require treatment in this opinion, because even if the same, or any one of such matters, should be found to be error it would constitute, at most, harmless error and would not afford ground for reversal. Therefore, no useful purpose can be served by discussing the other assignments of error.

For the reasons stated, the decree appealed from should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, P. J. AND STRUM, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.