J. T. PRINCE, S. J. FAIRCLOTH, J. C. WOODWARD and W. C. PRINCE, former partners doing business as Union Manufacturing Company, *Plaintiffs in Error,* v. AUCILLA RIVER NAVAL STORES COMPANY, *Defendant in Error.*

137 So. 886.

Division B.

Opinion filed November 19, 1931.

R. H. *Rowe,* of Madison, for Plaintiffs in Error;

W. T. *Hendry,* of Perry, for Defendant in Error.

PER CURIAM.—In an action of trover against the plaintiffs in error the defendant in error recovered a judgment in the amount of $3,381.62.

There were two trials of the case, the second being tried before the Circuit Judge without a jury. The trial court found that the defendants had converted 700,000 feet of lumber of the value of $2,450.00, and rendered a verdict for that amount on the theory that the damages were assessable as against an innocent vendee from a mistaken trespasser under the rule laid down in Wright v. Skinner, 34 Fla. 453, 16 Sou. Rep. 335.

The evidence has been examined and found amply sufficient to support the findings of the Circuit Judge which have the weight of a jury verdict because the entire testimony was personally heard by the Judge on an agreement that he should try the case without a jury.

Errors as to the admission and rejection of evidence have not been shown to have injuriously affected the rights of the complaining party, especially since the case was not tried before a jury where irrelevant or immaterial

testimony may sometimes be highly prejudicial to a fair consideration of the facts by untrained minds of jurors who might thereby be misled into rendering a verdict on testimony which should have little or no consideration as of evidentiary value.

A judgment should not be reversed or new trial granted in any case for error in rulings upon the admission or rejection of evidence unless it shall appear to the court from a consideration of the entire case that such errors injuriously affect the substantial rights of the complaining party. Holmberg v. Hardee, 90 Fla. 787, 108 Su. Rep. 213; Germak v. F. E. C. Ry. Co., 95 Fla. 991, 117 Sou. Rep. 391.

In this case the showing is ample to sustain the verdict and the errors as to admission or rejection of evidence relate mostly to the measure of recovery, not the liability.

The recovery was fixed by the court on the basis of liability which was most favorable to plaintiff in error and might well have been for a larger amount, so the showing of prejudice is negatived.

The judgment is affirmed.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.