J. C. Stewart v. V. E. Manget

187 So. 695.
Opinion Filed March 17, 1939.

*George P. Garrett,* for Plaintiff in Error;
*Don Register,* for Defendant in Error.

Per Curiam.—Plaintiff in error as the plaintiff below brought a common law action against Defendant in error to recover a real estate commission, he being a licensed real estate broker. A trial resulted in a verdict and judgment for the defendant and the plaintiff took writ of error.

Plaintiff grounds his right of action on the fact of having produced a purchaser ready, willing, and able to purchase on the terms and at the price fixed by the agreement of employment. The case turns on the fact of whether or not the evidence shows that he did this.

It is shown that the plaintiff was employed by the defendant to sell certain property which was a bearing orange grove, that he produced a purchaser able, ready, and willing to purchase and that the price to be paid was agreed on.

There is no dispute as to these facts but as to whether or not the terms of the purchase were agreed on, the evidence is in conflict. The jury resolved the conflicts against the plaintiff and in favor of defendants.

It appears that the plaintiff and the purchaser lived at Orlando, Florida, but went to Newnan, Georgia, to negotiate with the brother and secretary of the defendant about the sale. A preliminary agreement was reached and reduced to writing but had to be returned to Orlando for approval and signature by defendant. None of the parties signed the preliminary agreement at Newnan, Georgia, and it clearly appears that it was not to be signed until it was returned to Orlando and approved by the defendant. It also clearly appears that a "specially drawn contract" covering the sale was to be prepared in Orlando and approved and signed by both parties before the sale was consummated.

The "specially drawn contract" was never prepared and the preliminary one was not approved or signed by defendant when it was returned to Orlando. The point of cleavage was as to terms of sale. The evidence does not conclusively show that defendant ever approved the terms of the sale. Appellant contends that the preliminary agreement concluded the transaction since defendant's secretary had full power to act for him, but it is shown from the preliminary agreement that the secretary refused this responsibility if in fact he had it and that nothing done was final until approved by defendant.

Plaintiff contends that defendant's secretary had full power to act and that all essentials of the trade were closed at Newnan, Georgia. This theory of the case is very plausible and was skillfully presented but the jury and the trial Court rejected it and we cannot say that the judgment reached should be reversed. The telegram on this point is ambiguous and suspectible of the interpretation placed on

it by defendant's secretary. It is as follows: "Anything Davis Manget Newnan do will be O. K. Regards."

We have examined each and every assignment of error discussed in the brief of plaintiff in error and while we think that some of the charges objected to were vague and indefinite and that some of the objections to evidence were well grounded, at the same time we are not convinced that on the whole record reversible error was committed.

When the preliminary agreement was returned to Orlando, it was signed after several days by the purchaser but the defendant did not approve or sign it and it is shown that the reason he did not sign or approve it was that the terms of the sale were not satisfactory to him. He was not satisfied with the down payment and the telegram authorizing his secretary in Newnan, Georgia, to act for him in making the preliminary contract is not clear to the effect that he had power to bind him unconditionally. His secretary did not so interpret the telegram and in a transaction of this magnitude, it can readily be understood why he refused to do so.

The judgment below is therefore affirmed.

Affirmed.

TERRELL, C. J., and WHITFIELD, BROWN, BUFORD, CHAPMAN, J. J., concur.

THOMAS, J., not participating, as the case was submitted before he became a member of the Court.