82 So.2d 870 (1955)
FIRST ATLANTIC NATIONAL BANK OF DAYTONA BEACH, a National Banking Corporation, as Executor of the Last Will and Testament of Wellington LaMonte, deceased, Appellant,
v.
Olive S. COBBETT, Appellee.
Supreme Court of Florida. Division B.
October 19, 1955.
Alfred A. Green, Daytona Beach, for appellant.
John L. Graham of Hull, Landis, Graham & French, Daytona Beach, for appellee.
THORNAL, Justice.
Appellant was defendant below in an action brought by the appellee as plaintiff to recover a judgment against the estate of Wellington LaMonte, deceased, for alleged breach of an oral contract by deceased to make provision for the appellee in his will.
The cause was tried by the Circuit Judge without a jury and resulted in a verdict and judgment for the appellee. From *871 the judgment against it, the appellant-bank, as executor, perfected this appeal.
Complaint alleges that in May, 1945, the appellee and LaMonte entered into an oral contract. Under its terms plaintiff was to take general care of Mr. LaMonte, who was then approximately eighty years of age, for the rest of his life in consideration of which Mr. LaMonte agreed to pay her $100 per month and living expenses during his lifetime and in addition agreed "to make such provision for plaintiff in his will as would be sufficient to provide for her financial needs for the rest of her life". LaMonte died in 1952 leaving a will which contained no provision whatever for appellee.
Three witnesses were offered to support the allegations of the complaint. One testified that in conversation with the decedent she stated to him, "You are very fortunate to have Mrs. Cobbett, Mr. LaMonte". Whereupon the decedent stated, "Yes I am, but I am going to take care of her in my lifetime and after I am gone". Another witness testified that in a conversation he had with the decedent, the latter said "he made arrangements with Mrs. Cobbett to take care of him the rest of his life" and "it makes it good for me, also Mrs. Cobbett. After I pass on she will be taken care of." The third witness testified as to a conversation with the decedent with reference to Mrs. Cobbett in which the decedent stated "that she would be well provided for * * * would be well provided for by him in a will. * * *" To the same witness the decedent stated, "I will provide, [sic] Mrs. Cobbett will be well provided for in my will because she has agreed to take care of me as long as I live". No testimony was offered by appellant.
Relying on Exchange Nat. Bank of Tampa v. Bryan, 122 Fla. 479, 165 So. 685, appellant contends for the rule that contracts to make a provision in a will must be approached with great caution in the matter of proof and that such contracts must be established by clear and convincing testimony. Applying this broad rule, appellant seeks reversal on the ground that the testimony in the case at bar was not sufficiently clear and convincing to justify the judgment in favor of the appellee. In the case cited by the appellant as well as in other cases we have consistently recognized the validity and enforceability of proven oral contracts to compensate by will upon the promisor's death. See Berger v. Jackson, 156 Fla. 251, 23 So.2d 265; Briggs v. Fitzpatrick, Fla. 1955, 79 So.2d 848.
In considering a matter of this nature on appeal this Court has always accorded to the judgment of the trial Court a presumption of correctness, imposing upon the appellant the burden of showing reversible error. See Loos v. Scarfone, Fla. 1950, 46 So.2d 395.
It should also be noted that the cause was tried below by the Circuit Judge upon stipulated waiver of a jury trial by the parties. We have consistently followed the rule in such cases that the factual findings of the trial Judge are entitled to the weight of a jury verdict because the entire testimony was personally heard by him and he had the opportunity to see the witnesses and evaluate their testimony under oath from the witness stand, although in this case one witness was heard by deposition. Such factual findings under these circumstances will not be disturbed unless it is shown that there was a complete lack of substantial testimony to support the conclusions of the trial Judge. As we read the record and apply the above rules we cannot conclude that there was a total lack of competent and substantial testimony to support the judgment of the trial Court.
We have also considered the assignments grounded on alleged errors in the admission of certain evidence. Here, again, we observe that in cases tried by the Judge without a jury the Judge is in a position to evaluate the testimony and discard that which is improper or which has little or no evidentiary value. Prince v. Aucilla River Naval Stores Co., 103 Fla. 605, 137 So. 886. Our examination of the record leads us to conclude that the *872 trial Judge did that in the case at bar. We do not find that the evidence objected to injuriously or harmfully affected appellant when considered and evaluated by an experienced trial Judge.
Finding no error, the judgment is, therefore, affirmed
DREW, C.J., and THOMAS and HOBSON, JJ., concur.