SMITH, FRANK A., Associate Judge.
This action was brought to recover a real estate broker’s commission, and the appeal is by the defendant from a judgment entered pursuant to a jury verdict for the plaintiff. The complaint was originally filed in the Circuit Court on April 29, 1959, but was later transferred to the Court of Record.
The plaintiff, a real estate broker, was one of the incorporators and a director of the defendant corporation, which was formed for the purpose of selling land in Hillsborough County. It is admitted that the corporation agreed to assume an obligation of $4,277.49 owing to the plaintiff for real estate commissions. The plaintiff agreed to deferment of payment until the corporation was able to pay.
Subsequently the defendant corporation offered to pay the amount due provided the plaintiff execute a release to the defendant corporation and to Hillsboro Acres, Inc., which plaintiff refused to do. A check dated April 20, 1959, was tendered to plaintiff in the amount of $3,319.11, which was the actual amount due since the corporation had paid $958.38 on behalf of plaintiff to an attorney to whom plaintiff owed that amount. The check showed the computation of the amount due by subtracting $958.38 from $4,277.49. The dispute was over the fact that the release would have constituted a general release of all claims against both corporations without limitation to the specific obligation for the broker’s commissions. Plaintiff refused to execute the release and declined to accept the check.
During the trial the Court admitted the check and release into evidence over objection of the defendant, 'the objection being based on grounds that the check and release were evidence of an offer of compromise and settlement of a disputed claim. The overruling of this objection is the basis for this appeal.
The real issue was whether or not the defendant was financially able to make the payment and if in the discretion of its president all conflicting claims against the parties had been resolved so that the obligation had become due and payable.
The testimony is clear that the payment was not to be made until defendant was able, but there is much disagreement as to any other terms of agreement in regard to time of payment.
Appellee contends that any error in the reception of the check and release comes under the protection of the harmless error statute so that if it was evidence of an offer of compromise its allowance in evi *719 dence constituted only harmless error and would not warrant a reversal.
As pointed out by counsel there was written on the face of the check a notation of “payment in full for commissions due to date by BCK Land, Inc. and Hillsboro Acres, Inc.” to plaintiff and “Cook Realty Company.” Also it shows subtraction of $958.38 from the full sum of $4,277.49, leaving a balance of $3,319.11, the amount of the check. Also the form of release submitted and received in evidence over Appellant’s objection purported to release not only all claims and demands whatsoever which Plaintiff ever had against Defendant, but also all such claims and demands as Hillsboro Acres, Inc. might have against it.
Even if it should be determined that the offer of the check together with the request that Plaintiff execute same constituted an offer of compromise of the claim, yet the Court has decided that any error in receiving same in evidence is protected by the Section 54.23, F.S.A., so that the ruling would not require a reversal of the judgment.
The case of Florida Power & Light Co. v. Brinson, Fla. 1953, 67 So.2d 407, 412, supports appellees contention that the harmless error statute is applicable and relieves any harm that could have resulted from the reception of the alleged inadmissible evidence. The language there used by the Court is applicable here, viz., “there is evidence in the record on which the jury could have found that the injuries were caused by a faulty engineering design of the new guying of said pole, if there was error in the admission of such evidence, it was harmless and did not result in miscarriage of justice. Section 54.23, F.S.A.” In this instant case the evidence was all to the effect that Defendant was able to pay the obligation.
As held by our Court in numerous decisions, where the verdict is sustained by the evidence, harmless errors in rulings on evidence are not cause for reversal and that rulings on evidence do not require reversal or new trial unless affecting substantial rights. Stringfellow v. Adams, 99 Fla. 623, 127 So. 338; Graham v. Holmes, 73 Fla. 85, 74 So. 5; Groover v. Hammond, 73 Fla. 1155, 75 So. 857; Prince v. Aucilla River Naval Stores Co., 103 Fla. 605, 137 So. 886; Folks v. State, 85 Fla. 238, 95 So. 619; Georgia Southern and F. Ry. Co. v. Ruff, 69 Fla. 93, 67 So. 575; Bacon v. Green, 36 Fla. 325, 18 So. 870; City of Key West v. Baldwin, 69 Fla. 136, 67 So. 808; Stewart v. Manget, 136 Fla. 710, 187 So. 695, and numerous other cases.
The judgment should be and is hereby affirmed.
ALLEN, C. J., and SHANNON, J., concur.