CROSS, Judge
(concurring specially).
I concur in the conclusion to affirm.
The suit, in essence, involves the location of the eastern boundary of plaintiff’s land, or conversely, the western boundary of defendant’s land. Both parties conceded that various deeds in the chain of title for both plaintiffs and defendants were ambiguous and indefinite.
The testimony of the surveyors at the trial was conflicting and did not lead to any irresistible factual conclusion. The question of whether the plaintiffs carried the burden of showing the strength of their title was answered in the negative by the trial judge. The trial judge sits as the trier of fact. His factual findings are entitled to the weight of a jury verdict and such factual findings will not be disturbed unless it is shown that there was a complete lack of substantial evidence to support the conclusions. First Atlantic National Bank of Daytona v. Cobbett, Fla.1955, 82 So.2d 870.
It is fundamental that in actions in ejectment the plaintiff must recover on the strength of his own title and not on the weakness of the title of the defendant. Alford v. Sinclair, Fla.1951, 55 So.2d 727; Crowder v. Miami Beach First National Bank, Fla.1951, 50 So,2d 174; Akin v. Godwin, Fla.1950, 49 So.2d 604; 11 Fla.Jur., Ejectment, § 8.
Applying the above rules I conclude there was sufficient-compet'ent-substantial evidence to adequately support the findings and conclusions of the trial judge.