PER CURIAM.
The appellee, Dade County Commissioners acting as the Dade County Port Authority, sued the appellant, Belcher Towing Company, for damage to a draw bridge. The damage occurred when a tug owned by the appellant took a tow through the draw. The trial judge entered extensive findings of fact, from which we quote:
“7. The major or predominant cause of the accident was faulty navigation on the part of the lead tug, which had permitted the dredge Windham to drift off course and into the west span of the draw bridge. The major fault lies with the tug Orr in that:
(a) It is admitted that there were no unusual weather conditions prevailing. *457 Neither wind nor tide was a factor in causing the tow to drift off course. The conclusion is inescapable that the drift to the west was due to error in navigation on the part of the lead tug.
(b) The fact that the two had drifted westward, out of control, was not discovered by the captain of the Orr until he had already entered the cut, which indicates that he did not maintain a proper lookout, although he had a deckhand who was available for that purpose.
(c) The bridge had been opened to the fullest extent possible when the lead tug was 600 yards from the bridge, which gave her ample opportunity to steer a course that would take the convoy through the bridge. The decision to take the convoy through the bridge or not to do so rested at all times with the lead tug, which had sole responsibility for such decision.
(d) The evidence shows that there was no communication between the lead tug and the stern tug, nor was any effort made to coordinate their movements.”
On this appeal Belcher presents four points. Two of these question the sufficiency of the evidence to support the conclusion reached by the trial judge. Our examination of the record convinces us that the evidence amply supports the conclusion reached.
Appellant’s fourth point urges that the trial judge erred in incorrectly applying the major-minor fault rule to the facts involved in the case. It is urged that appellee is precluded from the application of this rule because appellee was guilty of a statutory violation. See Diesel Tanker F. A. Verdon, Inc. v. Stakeboat No. 2, 340 F.2d 465 (2nd Cir. 1965). On this issue the trial judge found:
“6. While there was no direct evidence that either span of the bridge encroached upon the space between the fender system on the day of the accident (no plumb line was suspended from the top of the span), there was opinion testimony from which it could be inferred that the west span extended over the water past the fender, approximately one and one-half feet at the point of contact. Even if one accepts this at face value, the evidence is still inconclusive that such encroachment had any significant causal force.”
We find that the evidence before the trial judge amply demonstrated that the claimed overhang could be in no way a contributing cause of the collision.
Appellant’s remaining point urges that the trial court committed error in admitting into evidence an opinion of the federal district court in a proceeding brought by the owners of the tailing tug. This opinion was entered in a cause for exoneration from a limitation of liability brought by the owners of the tailing tug (pursuant to Title 46, U.S.C. §§ 183-189), in which cause the appellant was not a party.
The admission of this unpublished opinion from the federal court as evidence might have been prejudicial error if the cause had been tried by a jury. We hold that under the circumstances of this case, where the cause was tried before the court without a jury and the court’s finding of fact and decision were in no way based upon the opinion in the-prior case, that prejudicial error has not been shown. A more informal trial is permissible before a court than before a jury. See Leeb v. Read, Fla.App. 1966, 190 So.2d 830, and authorities cited therein. The admission of the opinion which the court expressly ruled had no effect as res judicata or estoppel by judgment was not prejudicial error.
Affirmed.