Carmelita **EASTBURN**, a minor by her Mother and next friend, Ida Louise Eastburn and Ida Louise Eastburn, Individually, Plaintiffs-Appellants,

v.

**FORD MOTOR COMPANY**, Defendant-Appellee.

No. 72–1790

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Dec. 4, 1972.

Rehearing Denied March 2, 1973.

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

**22**

Richard A. Bokor, Tampa, Fla., Larry Spalding, Sarasota, Fla., for plaintiffs-appellants.

T. Paine Kelly, Jr., H. Vance Smith, Tampa, Fla., for defendant-appellee.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

PER CURIAM:

This is an appeal from a verdict for defendant, Ford Motor Company, in a products liability action for breach of the implied warranties of both merchantability and fitness. Appellants contend that the District Court erred (1) by confusing the concepts of contributory negligence and breach of implied warranty in instructing the jury that contributory negligence is a defense to plaintiffs' action for breach of implied warranty, and (2) in allowing lay witnesses to testify for the defendant as experts. We affirm.

Mrs. Eastburn and her infant daughter seek damages for (1) bodily injury from exposure to lead poisoning, which resulted from alleged defects in the exhaust system of a 1966 Lincoln Continental, and (2) property damage to the automobile caused when Mrs. Eastburn succumbed to the exhaust fumes and fell asleep while driving.

While not conceding error in the substance of the challenged instruction, a question on which authorities disagree, *cf.* Prosser, Law of Torts 656 (3d ed. 1960); Frumer & Freidman, Products Liability § 16.01(3); *see* Prosser, The Assault Upon the Citadel, 69 Yale L.J. 1099, 1126 (1960), appellee argues that any confusion was harmless, since the jury was instructed to determine first the threshold issue of whether defendant breached its warranty by selling a *defective* automobile. For the child to recover, only the existence of a defect had to be proved, since the contributory negligence defense could not be raised against her. No such defect was found by the jury. In Florida, an error

is considered harmless when it does not injuriously affect the substantive rights of the complaining party. Prince v. Aucilla River Naval Stores Co., 103 Fla. 605, 137 So. 886 (1931). The test for harm is whether, but for the error complained of, a different result would have been reached by the jury. Cornelius v. State, 49 So.2d 332 (Fla.1950). Since the jury found no defect in the automobile, the instruction covering a defense to liability for any defect could not have affected the outcome.

Appellants further object to the qualifications of two expert witnesses. One witness, who testified as to engineering principles, held a Masters Degree in Business Administration rather than an engineering degree. Nevertheless, he had twenty years experience in automotive design. Another witness, whose academic background was in chemical engineering, testified about the effects of lead poisoning upon humans. Offsetting his lack of academic credentials were twenty years of experience in industrial hygiene.

It is well-settled in both federal and Florida state courts that the trial judge has the duty to determine the qualifications of an expert witness and that his decision will not be disturbed on appeal absent a clear abuse of discretion. Faircloth v. Lamb-Grays Harbor Co., Inc., 467 F.2d 685 (5th Cir. 1972) [August 14, 1972]; Davis v. State, 44 Fla. 32, 32 So. 822 (1902); Gates & Sons, Inc. v. Brock, 199 So.2d 291 (Fla.App.1967). This Court has previously held that formal education is not the only way to achieve sufficient expertise to qualify as an expert witness. Santana Marine Service, Inc. v. McHale, 346 F.2d 147 (5th Cir. 1965); *see also* Paradise Prairie Land Co. v. United States, 212 F.2d 170 (5th Cir. 1954). The District Court concluded that the practical experience of each witness was sufficient to give his opinion substantial foundation and that it would tend to aid the jury. We find no abuse of discretion in this determination.

Affirmed.