PEARSON, Judge
(concurring specially).
I think that it should be mentioned that we are here dealing with a trial before the court without a jury. The State urges that we should apply a more liberal rule in determining whether the cross-examination of the defendant to bring out the fact of his silence after receiving the Miranda warning *322 was reversible error, relying on Prince v. Aucilla River Naval Stores Co., 103 Fla. 605, 137 So. 886 (1931); and Belcher Towing Co. v. Board of County Commissioners, 233 So.2d 456 (Fla.3d DCA 1970). I cannot agree with the State’s argument because I feel that a defendant has the same constitutional rights in every trial. Nevertheless, because other courts may disagree with this decision on these circumstances, I think our holding must be clear.
The State’s argument that this is a retroactive application of the holding of Doyle v. Ohio, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976), is not factually true in view of the fact that the opinion in Jones v. State, 200 So.2d 574 (Fla.3d DCA 1967), held that the admission of evidence of a defendant’s silence after being informed of his Miranda rights was fundamental error. I, therefore, concur in the opinion and the decision to reverse.
Before HAVERFIELD, C. J., and PEARSON and HUBBART, JJ.