FERGUSON, Judge.
The complaint and final judgment in a foreclosure action contained legal descriptions of two parcels owned by defendant, but the description as to one parcel erroneously included adjacent land belonging to some third person. The trial court, after conducting a hearing with notice on several of plaintiff’s motions, entered an amended judgment which correctly described the properties to be foreclosed and ordered a new foreclosure sale. As the single point on appeal, defendant contends, essentially, that because the property was not correctly described in the original complaint and final judgment, the only remedy is a retrial of all the issues. We disagree.
Defendant, while alleging prejudice, has not demonstrated why the post-judgment proceedings conducted in the trial court were inadequate to protect her rights. The mistake complained of here, that the legal description in the prior judgment included a small parcel of land owned by a third person, when all property owned by defendant which was the subject of the foreclosure action was adequately described, was correctable without a new trial. Fla.R.Civ.P. 1.540(b). See Hutchison v. Wintrode, 286 So.2d 231 (Fla. 2d DCA 1973) (after trial court has heard evidence directed to reformation of property description, and opposing party is given opportunity to present defenses, court may amend judgment to reflect proper legal description).
Judgments generally will not be reversed because of errors which do not cause injury. Stringfellow v. Adams, 99 Fla. 623, 127 So. 338 (1930); Warning Safety Lights, Inc. v. Gallor, 346 So.2d 92 (Fla. 3d DCA 1977), cert. denied, 355 So.2d 518 (Fla.1978).
Affirmed.