793 So.2d 74 (2001)
C.W., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-3510.
District Court of Appeal of Florida, Fourth District.
August 1, 2001.
Rehearing Denied September 21, 2001.
Carey Haughwout, Public Defender, and Margaret Good Earnest, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
C.W.'s conviction and sentence are affirmed.
We find no error or abuse of discretion in the trial judge's denial of a motion to recuse based on his reading the probable cause affidavit containing hearsay statements. It is undisputed that the judge, before the bench trial, reviewed the probable cause affidavit prepared by the arresting officer. The record contains certain statements by the court indicating that it was the judge's practice to review files before conducting juvenile hearings.
When a trial judge, sitting as the trier of fact, erroneously admits evidence, the judge is presumed to have disregarded that evidence. State v. Arroyo, 422 So.2d 50, 51 (Fla. 3d DCA 1982). If, however, the record discloses that the judge relied upon the inadmissible evidence, this presumption is overcome. Id. In any event, here, the record affirmatively reflects that the judge did not consider and disregarded the inadmissible evidence. See, e.g., Lieberman v. Dep't of Prof'l Regulation, Bd. of *75 Med., 573 So.2d 349, 352 (Fla. 5th DCA 1990)(finding introduction of inadmissible evidence harmful, but stating, "Had the trial judge stated that he based his findings only upon certain evidence and that he disregarded the challenged evidence, the error, if any, in the admission of such evidence could have been determined harmless."); Capitoli v. State, 175 So.2d 210 (Fla. 2d DCA 1965). Compare J.D. v. State, 553 So.2d 1317 (Fla. 3d DCA 1989).
In the instant case, there is no suggestion from the record that the judge relied on the affidavit in any way. Further, the trial judge stated that his decision would be based solely on the evidence presented.
C.W.'s assertion that judges treat inadmissible evidence the same as juries is misplaced. We deem Barnes v. State, 589 So.2d 988 (Fla. 1st DCA 1991), and other authority relied on by C.W., inapposite here, as the evidence was not presented to a jury. Clearly, judges are in a better position to discard contested evidence. See First Atlantic Nat'l Bank of Daytona Beach v. Cobbett, 82 So.2d 870 (Fla.1955)(finding no harmful error where evidence considered and evaluated by experienced trial judge); Prince v. Aucilla River Naval Stores Co., 103 Fla. 605, 137 So. 886 (1931)(finding errors in admission and rejection of evidence to be harmless where case tried before judge rather than jury).
As there is nothing in the record to suggest that the judge was not impartial, the judgment and sentence are affirmed.
POLEN, C.J. and GROSS, J., concur.