**BUCKWALD v. UNITED STATES.**

**McEVOY v. UNITED STATES.**
(two cases).

Nos. 14579, 14667, 14727.
United States Court of Appeals,
Eighth Circuit.
April 1, 1953.

Wm. C. Green, St. Paul, Minn., Mart R. Vogel, Fargo, N. D., and Silver, Green & Goff, St. Paul, Minn., and Wattam, Vogel, Vogel, Bright & Peterson, Fargo, N. D., on the brief, for appellant Harry Buckwald.

Charles A. McEvoy submitted brief pro se.

Harry Lashkowitz, Asst. U. S. Atty., Fargo, N. D. (P. W. Lanier, U. S. Atty., Fargo, N. D., on the brief), for appellee.

Before SANBORN, JOHNSEN, and RIDDICK, Circuit Judges.

PER CURIAM.

Harry Buckwald and Charles A. McEvoy were, by an indictment in four counts, charged in three of the counts with the substantive offenses of having used the mails in furtherance of a scheme to defraud, 18

**138**

U.S.C.A. § 1341, and in one count with having conspired to commit these substantive offenses. 18 U.S.C.A. § 371. Upon their pleas of not guilty and waiver of trial by jury, the defendants were tried to the court and were found guilty upon each count. On March 8, 1952, each of them was sentenced to five years imprisonment for each offense, the sentences to run concurrently. Each of the defendants appealed from the sentences imposed on him. These appeals are Nos. 14,579 and 14,667. McEvoy has also appealed in forma pauperis from an order of July 31, 1952, denying a motion for the vacation of his sentences. This is appeal No. 14,727.

During the proceedings in the District Court, the defendants were represented by thoroughly competent counsel of their own choosing. At the close of the Government's evidence, which showed that the defendants had operated a fraudulent brokerage firm, in the conduct of which the mails were used, the defendants rested. They moved for acquittal on the ground that the Government had failed to establish that they were guilty of the offenses charged in the indictment. Their motions were denied and their conviction followed.

Counsel for Buckwald in their brief assert, in substance, (1) that the court admitted incompetent evidence, (2) that the Government's evidence as to the use of the mails was inadequate, and (3) that there was insufficient evidence to sustain the conspiracy count. They admit that these contentions are "extremely technical."

The first assertion, even if true, would be of no consequence in a jury-waived case where there was competent evidence to support the judgment. Buder v. Becker, 8 Cir., 185 F.2d 311, 313–314 and cases cited. The second assertion is without merit. The record shows that the scheme of the defendants contemplated and necessitated the use of the mails for its execution. The evidence of the Government justified, if it did not require, a finding that the mails were used by and for the defendants in the carrying out of their scheme. See and compare Gantz v. United States, 8 Cir., 127 F.2d 498, 502.

So far as the conspiracy count of the indictment is concerned, it is immaterial whether or not there was sufficient evidence to sustain it, because the aggregate of the sentences imposed upon each defendant did not exceed the maximum sentence which any single count of the indictment would sustain. Bowen v. United States, 8 Cir., 153 F.2d 747, 748–749; Barnes v. United States, 8 Cir., 197 F.2d 271, 273.

Buckwald and McEvoy are in the same situation so far as the validity of their sentences is concerned. McEvoy, however, contends that he waived a jury trial because he understood that Judge Vogel would preside at his trial, and that he had not consented to be tried without a jury before Judge Nordbye. Judge Vogel was disqualified because two of his brothers were members of a firm which appeared as counsel for the defendants. Judge Nordbye was duly assigned to conduct the trial. Neither of the defendants raised any objection to going to trial before Judge Nordbye and neither sought to withdraw his waiver of a jury.

When a defendant in a criminal case waives a jury trial, he consents to be tried by the court as a court and not before a particular judge. McEvoy's contention that he did not effectively waive his right to a jury trial is frivolous.

Our conclusion is that the sentences imposed on the defendants were valid and are not subject to either direct or collateral attack. The sentences are affirmed. The order denying McEvoy's motion to vacate his sentences is also affirmed.