UNITED STATES of America,
Respondent-Appellee,

v.

Richard MITCHELL, Defendant-Appellant.

No. 205, Docket 27285.

United States Court of Appeals
Second Circuit.

Argued Jan. 2, 1962.

Decided Jan. 11, 1962.

Robert M. Morgenthau, U. S. Atty., Southern Dist. of New York, New York City (Charles B. Rangel, Arnold N. Enker, Asst. U. S. Attys., New York City, of counsel), for respondent-appellee.

Anthony F. Marra, The Legal Aid Society, New York City (Patrick M. Wall, New York City, of counsel), for defendant-appellant.

Before WATERMAN, KAUFMAN and MARSHALL, Circuit Judges.

PER CURIAM.

Appellant was charged with the unlawful concealment, possession and sale of seven grams, three hundred milligrams of heroin hydrochloride in violation of Title 21 U. S. Code, §§ 173, 174, was tried before a district judge sitting without a jury, and was convicted.

By the appeal, zealously presented by assigned counsel, it is sought to reverse the judgment of conviction below on the ground that there was insufficient evidence to sustain it, and that it was therefore error for the trial judge to have denied appellant's motions for acquittal made at the close of the Government's evidence and at the close of all the evidence. Appellant also argues that, in any event, there should be a new trial in that he was prejudiced by trial errors that occurred during his one-day trial.

The sale occurred at 8:30 in the evening of March 21, 1961 in the vicinity of Madison Avenue and 118th Street in New York City; the heroin was passed by the seller to a narcotic agent named Lambert while both of them were in an automobile, the seller having been introduced to Lambert as "Billy Mitchell." The seller, after receiving $200, then left the automobile and was followed by two other narcotic agents to an apartment building located at 8–10 East 117th Street, which he entered, and from which he was not observed to have later departed. Appellant was arrested in his apartment at 8–10 East 117th Street on July 6, 1961. Immediately after the March 21 sale the three narcotic agents filed reports, which reports included descriptions of the seller, and at the trial the three agents identified appellant as that individual. Appellant testified in his own behalf and denied the sale. There were inconsistencies in the descriptions of the seller that were incorporated in the reports made by the three agents in March,

and those descriptions did not in detail correspond with the physical characteristics of the appellant. It is appellant's claim, therefore, that identification of him was faulty, and that as it is quite generally recognized that eye witness identification can be unreliable, the trial judge should have acquitted him. In support of this contention appellant points out that 15 weeks elapsed between sale and arrest and an additional month and a half before identification at trial; that the sale occurred in the evening; that the two agents other than Lambert were never very close to the seller; and that it is probable that the similarity of the name "Richard Mitchell" to the name "Billy Mitchell" and the coincidence that Richard Mitchell in July lived at the apartment house that Billy Mitchell was seen to enter in March affected the agents' judgments so that they honestly made mistaken identifications.

■ However, all of these claims simply present the sole question of the credibility of the trial witnesses; and the experienced trial judge who saw and heard those witnesses chose to believe those who identified the appellant and to disbelieve appellant's testimony that he was not "Billy Mitchell." We find nothing in the record to justify us in reaching a different resolution of the conflicting testimony than that reached below, and we find no error in the refusal to direct respondent's acquittal.

Nor do we find that any error of sufficient gravity occurred at the trial so as to require us to order a new trial.

■ On his direct examination appellant admitted that he had previously been convicted of illegal possession of a weapon, of possession of policy slips, and of a felonious assault upon his common-law wife. When appellant was being cross-examined the judge, over objection, inquired what kind of weapon appellant used in the assault and appellant stated that the assault was committed with a kitchen knife. Though we do not approve the introduction into evidence of this irrelevant information we again

point out that this was a one-day trial before a judge sitting without a jury, and we are not constrained to believe that the judge was prejudiced against this narcotic suspect by the detailed knowledge that appellant had been convicted of attacking his common-law wife with a kitchen knife.

There are no other claims of trial error that warrant discussion.

We thank Patrick M. Wall, assigned counsel, who on behalf of The Legal Aid Society, prepared and argued this appeal.

Judgment affirmed.