RAWLS, Judge.
Appellant-defendant Everett Cunningham appeals a verdict and judgment of conviction of murder in the first degree with recommendation of mercy, and poses the following two points:
1. Whether it was prejudicial error for the appellant on cross-examination to be asked if he had been convicted of assault or aggravated assault on several specified dates whereas the State proved conviction on only one of the dates mentioned, but in fact appellant had been convicted on another of the named dates, which conviction had been vacated and set aside.
2. Whether or not the court committed error by its refusal to give the appellant’s requested instruction.
The essential facts are: On January 31, 1969, about 11:30 p. m., Everett Cunningham (age 66, with poor eyesight) entered the Red Rooster Tavern at Century, Florida, with his 16-gauge shotgun. The Tavern was full of people. John David Benson, sitting at the bar with his back to Cunningham, turned around when Cunningham spoke to him, and Cunningham shot him in the region of the heart. Benson fell to the floor. Cunningham walked up to Benson, took the expended shell from the gun, put another shell in, and shot Benson again in the face. Cunningham then walked from the Tavern to his home about a block away, got more shells, and was apprehended shortly thereafter. None of the many witnesses saw a gun on Benson at the time and none was found on the body. However, Lett, owner of the Tavern and a *22 close friend of Cunningham, testified that either Benson or Joe Morgan had a little .25 automatic sometime earlier that day.
Defendant Cunningham testified that Benson and a girl had robbed him six or seven months previously, and again at some unknown previous time. He had seen Benson earlier in the evening of January 31, 1969, was afraid of him, and decided to hock his shotgun with Lett, owner of the Tavern, to get money to buy a pistol for protection. He took the shotgun in the Tavern for that purpose. On cross-examination Cunningham denied that he had ever been convicted of aggravated assault on specific dates in 1961, 1962, 1966 and 1968. The State proved by testimony of a deputy sheriff and the clerk and a certified copy of the judgment that this same Cunningham had been convicted of aggravated assault on March 29, 1968. The State did not attempt to prove the three other convictions. .Among the exhibits used by Cunningham in connection with his motion for new trial are the 1961 information charging him with two counts of assault, and an order (entered nine days before the trial in the instant case) setting aside the 1961 conviction.
As to appellant’s first point, we agree that it was error for the State to proceed as it did in interrogating appellant as to the crimes other than the conviction on March 29, 1968. However, in view of the overwhelming testimony as to his commission of the cold-blooded murder of John David Benson and the jury’s recommendation of mercy, it is our conclusion that this error .on the part of the State was of a technical nature and falls within the harmless error doctrine.
Appellant’s second point goes to the trial court’s refusal to give the following requested instruction:
“If you find that the defendant honestly believed that his life was in danger, but if you also find that a reasonably prudent and cautious person in the same situation would not have entertained the same belief from the same appearances, the defendant would be guilty of manslaughter.”
The trial court was correct in refusing to give the requested instruction for the following reasons: 1. Appellant failed to object to the court’s refusal to give the instruction, and 2. The uncontradicted evidence adduced during the trial did not warrant such an instruction.
The judgment appealed is affirmed.
CARROLL, DONALD K., Acting C. J., and WIGGINTON, L, concur.