**UNITED STATES, Appellee,**

v.

**Russell Harold SMITH, Appellant.**

**No. 71–1321.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 13, 1972.

Decided Aug. 11, 1972.

---

Gerald T. Laurie, of Lapp, Lazar, Laurie & Smith, Minneapolis, Minn., for appellant.

Joseph T. Walbran, Asst. U. S. Atty., Robert G. Renner, U. S. Atty. for the District of Minnesota, Minneapolis, Minn., for appellee.

Before BRIGHT and ROSS, Circuit Judges, and WEBSTER,* District Judge.

WEBSTER, District Judge.

In a case tried to the court without a jury appellant was found guilty of refusing to submit to induction into the armed forces, in violation of Title 50, Appendix, United States Code, Section 462.

In his unreported Memorandum and Finding of Guilty, Judge Larson accurately summarized the material facts as follows:

"The defendant was first ordered on September 16, 1969, to report for induction on October 2, 1969. Defendant on October 1, 1969, asked for transfer to a Local Board in Alaska. Defendant appears to have returned to Minnesota and on January 5, 1970, was ordered to report on January 28, 1970.

"After several I–A and II–S classifications, defendant was again classified I–A on April 8, 1969. On March 5, 1969, the Local Board had advised defendant that he was not qualified for

---

* Sitting by designation.

III–A fatherhood deferment because he was classified II–S after July 1, 1967. On March 11, 1969, defendant returned a dependency questionnaire in which he stated that he and his wife were expecting a child in late May 1969. On May 7, 1969, the Board received a request for a personal appearance, which was held on May 20, 1969. Defendant stated that his wife was expecting a child in about ten days, that he grosses $700.00 to $800.00 per month as a driver, that he was in debt and had no hospitalization for the expected child, that he was concerned about younger brothers and sisters since his parents were deceased, and that he would rather serve his time in jail than in the service.

"On June 20, 1969, the Board received a letter from defendant stating that he wanted to appeal his I–A status and that his child was born on June 13, 1969.

"On May 27, 1969, the Board asked the Hennepin County Welfare agency to interview defendant with respect to his financial status and obligations as guardian for his younger brothers and sisters. The Board received a two-page report from the agency on July 7, 1969. The report reviewed defendant's income, debts, and expenses, and family responsibility.

"On July 22, 1969, as reflected in Form 100, the local Board considered the file and stated, 'Reclassification not reopened.' On August 25, 1969, the State Appeals Board by a 5–0 vote classified defendant as I–A."

Appellant contends (1) that neither the local board nor appeal board had a basis in fact to classify appellant I–A, thereby denying his request for a III–A hardship classification; (2) that the local board's handling of appellant's case denied him procedural due process; (3) that appellant was denied a meaningful appeal to the appeal board; and (4) that the trial court committed prejudicial error by admitting into evidence a report of telephone call to the local board by appellant's wife after the indictment had been returned.

The first three contentions were raised as defenses at the trial and were fully considered by Judge Larson. Only the fourth contention—the admission in evidence of the report of telephone call —challenges fairness of the trial itself.

■ As Judge Larson correctly observed in his Memorandum, there are two essential elements which must be proved in order to establish the offense charged:

1. An order from defendant's Local Board requiring him to submit to induction into the Armed Forces of the United States.

2. The defendant's willful and knowing refusal to obey an order to submit to induction.

The record of the trial leaves no doubt that appellant reported, as ordered, on January 28, 1970 but refused personally and in writing to submit to induction.

■ It is not sufficient, for criminal prosecution, to show that such refusal—albeit willful and knowing—was in response to a local board order. The order itself must be supported by a classification of the registrant which was made upon a rational basis reflected in the registrant's file. Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L. Ed. 567 (1946); Dickinson v. United States, 346 U.S. 389, 74 S.Ct. 152, 98 L. Ed. 132 (1953); Cox v. United States, 332 U.S. 442, 68 S.Ct. 115, 92 L.Ed. 59 (1948); United States v. Rutherford, 437 F.2d 182 (8th Cir. 1971).

■ Judge Larson found upon the evidence adduced that there was a basis in fact for the I–A classification.[1] He further found that the subsequent claim for III–A hardship deferment "was almost totally devoid of merit." A review of the record abundantly supports his findings. Moreover, it cannot be said

---

1. Appellant was again classified I–A on April 8, 1969 following termination of his college studies and consequent loss of his II–S classification. At that time, the local board refused his request for III–A fatherhood deferment since his II–S classification occurred after July 1, 1967.

from the record that there was no basis in fact for the local board's I–A classification. Witmer v. United States, 348 U.S. 375, 381, 75 S.Ct. 392, 99 L.Ed. 428 (1955); United States v. Watson, 442 F.2d 1273, 1277 (8th Cir. 1971).

The trial judge considered and rejected appellant's second contention, that a de facto reopening had occurred when the local board requested a welfare report following appellant's request for a hardship deferment. This conclusion was well supported by the record. Following notice of reclassification I–A on April 8, 1969 and pursuant to appellant's request, a personal appearance was granted May 20, 1969 in accordance with 32 C.F.R. § 1624.1, at which time appellant presented his case for a hardship deferment. The local board thereupon again entered a I–A classification. The subsequent receipt of the welfare report by the local board was insufficient to occasion a second appearance before the board. Winfield v. Riebel, 438 F.2d 271, 279 (6th Cir. 1971). The local board did not consider the situation on its merits, as in Davis v. United States, 410 F.2d 89 at 96 (8th Cir. 1969). The welfare report, prepared substantially from an interview with appellant, added nothing to the operative facts upon which the I–A classification was made. The local board's decision not to reopen was duly appealed, and the appeal board itself thereafter made a I–A classification. No denial of procedural due process has been demonstrated. United States v. Watson, supra, 442 F.2d at p. 1277; United States v. Chaudron, 425 F.2d 605, 608 (8th Cir.), cert. denied 400 U.S. 852, 91 S.Ct. 93, 27 L.Ed.2d 89 (1970).

Appellant's third contention—that the appeal board's handling of his appeal denied him a meaningful appeal (due process)—is likewise without merit. The trial record established that the clerk of the appeal board regularly prepared a summary of the appeal and attached copies of information pertinent to the claim, and the summaries with attachments were received by each member of the appeal board three weeks in advance of the monthly meeting. The presumption of regularity in board proceedings[2] has not been overcome by averaging the number of cases considered within the time frame of the meeting. A review of appellant's selective service file discloses only a few items—perhaps less than ten—which are relevant to appellant's request for III–A hardship deferment, and there is no reason to assume that the appeal board was unable to give the appeal proper consideration. Cf. United States v. Young, 324 F.Supp. 69 (D.Minn.1970).

The only claim of trial error preserved on appeal is the admission into evidence of a report of telephone call contained in appellant's selective service file. Defense counsel objected to its admission on the grounds of hearsay and husband-wife privilege. The trial judge received the entire file.

The report is dated January 27 and purports to be information supplied by appellant's wife about his "irresponsibility and non-child support."[3] Appellant contends that the trial judge gave weight to this document in finding that "the file indicates unwillingness to support his wife and child, and his testimony indicates a preference for living with three or four other fellows rather than his wife and two children."

Clearly the report, filed one year after his refusal to be inducted is entitled to no weight. A trained, experienced Federal District Court Judge, as distinguished from a jury, must be pre-

2. Greer v. United States, 378 F.2d 931 (5th Cir. 1967).

3. "Caller indicated that registrant has not suuported [sic] the family (wife and two children) for about a year. Is living with several other fellows in an apartment (address not given) Address of Rt 7 Excelsior, Minn is the residence of the grandmother. Indicated that she was aware of his claim as a consientous [sic] objector and felt that consideration of irresponsibility and non child support should also be made known to the board."

sumed to have exercised the proper discretion in distinguishing between the proper and the improper evidence introduced at trial and to have based his decision only on the latter, in the absence of a clear showing to the contrary by the appellant. United States v. Menk, 406 F.2d 124, 127 (7th Cir. 1968); Harper v. United States, 143 F.2d 795 (8th Cir. 1944). Where there is competent evidence to support the conviction, the fact that the trial court admitted incompetent evidence will not require reversal. Buckwald v. United States, 203 F.2d 137 (8th Cir. 1953).

■ Appellant's own testimony supports the trial judge's conclusion that appellant was voluntarily living with people other than his wife, as a matter of personal convenience. Even were we to assume that the trial judge's observation that the Selective Service file "indicates an unwillingness to support his wife and child" is derived solely from the 1971 report of telephone call, no prejudice has been shown. A basis in fact for the I–A classification existed independently of appellant's unwillingness to support his family, and Judge Larson correctly found that appellant had made no case for a III–A hardship claim.

The judgment is affirmed.