294 So.2d 691 (1974)
Theodore Lynn FRAZIER, Appellant,
v.
STATE of Florida, Appellee.
No. U-9.
District Court of Appeal of Florida, First District.
May 7, 1974.
Rehearing Denied June 11, 1974.
*692 Louis O. Frost, Jr., Public Defender, and James O. Brecher, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and George R. Georgieff, Asst. Atty. Gen., for appellee.
DREW (Ret.), Associate Judge.
This appellant was informed against for robbery as condemned by Section 813.011, Florida Statutes, F.S.A., in the first count and for the "display, use, threaten and attempt to use a firearm, to wit, a pistol while committing or attempting to commit a felony", as condemned by Section 790.07(2), Florida Statutes, F.S.A. The jury's verdict was: "We the Jury find the defendant guilty of the use of a firearm during the commission of a felony". The jury's verdict made no specific finding on the first count of robbery.
It is asserted here that the verdict is illegal because the jury failed to find the defendant guilty of the paramount offense of robbery. No authority is cited for such a contention. In fact, appellant says: "... [T]here is no analogous authority." The most persuasive argument that the verdict is illegal (therefore the consequent sentence), says appellant, "is that the verdict is contrary to the weight of the evidence." If the weight of the evidence here is contrary to the verdict, the scales incline to the defendant's side  not the state's. The jury has, from our view of the evidence and obviously the trial court's, decided to convict on the lesser offense which they had the perfect right to do. That there is no "analogous authority" holding such verdict illegal is because, unquestionably, of the harmless nature of the error (from appellant's point of view) if, in fact, error appears. See Coppolino v. State, 223 So.2d 68 (Fla.App.2d 1968), 399 U.S. 927, 90 S.Ct. 2242, 26 L.Ed.2d 794 (cert. denied).
We have carefully examined the whole record concerning appellant's argument relating to the trial judge's instruction on the weight to be given fingerprints. While we again suggest an adherence to the literal phraseology of the Standard Jury Instructions by the trial judges, instead of attempting to mold each instruction to fit exactly the pattern of the particular situation in the case being tried, the instruction was not erroneous or harmful. The defendant in a criminal case is entitled to a fair trial not a perfect one. The whole case, from beginning to end, including all the charges, was fairly and correctly tried. The charges, read each in relation to the others, and considered in the light of the evidence were not erroneous.
The other error assigned relates to the conduct of the state's attorney. The defense in this case had the opening and closing arguments. Much of the conduct on each side was brought on and extended, quite extensively, by the conduct and remarks of the other. The record presented does not reflect particular credit to either. The state's attorney is not an attorney of record for the state striving at all events to win a verdict of guilty. He is a quasi judicial officer whose main objective should always be to serve justice and see that every defendant received a fair trial.[1] Nor should defense counsel engage in personalities, play to the jury or use the courtroom as a place to parade his forensic agility. Such conduct is completely out of place and should not be tolerated by the trial judge. However, on the whole record and the conclusiveness of the evidence in this case, it does not appear that any fundamental rights of the defendant were prejudiced.
Affirmed.
BOYER, Acting C.J., and McCORD, J., concur.
NOTES
[1] Washington v. State, 86 Fla. 533, 98 So. 605, 609 (1924).