337 So.2d 852 (1976)
Paul Valdell HOUSTON, Appellant,
v.
STATE of Florida, Appellee.
No. AA-445.
District Court of Appeal of Florida, First District.
October 6, 1976.
*853 Richard W. Ervin, III, Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Richard W. Prospect, Asst. Atty. Gen., for appellee.
McCORD, Judge.
Appellant appeals his conviction of robbery by the trial court, jury trial having been waived and also appeals his 40 year sentence. He contends that the court erred in permitting the state to cross-examine as to the number and type of crimes of which he had previously been convicted, the state not having placed in evidence the record of his previous convictions.
On cross-examination, the prosecutor asked appellant if he had ever been convicted of a crime, and he replied in the affirmative. He was then asked how many times, and he replied, "Twice." He was then asked if he could have been convicted more than two times, and he answered, "Yes." He was then asked how many times he had been convicted of a crime, and he replied, "Oh, about six or seven times." He was then asked, "Could it be more than six or seven?" He responded, "Yes, it could be more." The prosecutor then asked, "Do you have another more accurate number than six or seven?" to which he replied, "No." The prosecutor then proceeded to question him as to specific crimes to refresh his memory as to the number of crimes he had committed, and he admitted to as many as seven convictions for the specific crimes of forgery, uttering, grand larceny, petit larceny and carrying a concealed weapon. No more than seven convictions were established from the questioning as to specifically named crimes and the prosecutor then dropped the questioning and did not subsequently put in evidence the record of any previous convictions.
While the prosecutor had the right to cross-examine appellant as to specific crimes in an attempt to refresh his memory as to more than seven convictions, appellant having no clear recollection as to the number of convictions [Cross v. State, 96 Fla. 768, 119 So. 380 (1928)], upon failing to obtain admissions to more than the seven, it was the prosecutor's obligation to then put in evidence the records of more than seven convictions. There was no legal basis for the prosecutor to question appellant as to specific crimes unless he could produce the record of more than seven convictions should appellant not admit to more than seven. The cross-examination was, therefore, improper and in violation of § 90.08, Florida Statutes (1975). When we consider, however, the weight of the evidence as to appellant's guilt, together with the fact that the trial was before a judge without a jury, it is apparent that the foregoing error did not injuriously affect the substantial rights of appellant and was harmless error. *854 See § 59.041 and 924.33, Florida Statutes (1975), and Cunningham v. State, 239 So.2d 21 (Fla. 1 DCA 1970).
We have also considered appellant's remaining point and find it to be without merit. See Castle v. State, 330 So.2d 10 (Fla. 1976).
AFFIRMED.
RAWLS, Acting C.J., and SMITH, J., concur.