348 So.2d 390 (1977)
Cyril Clinton WYTHERS, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-1347.
District Court of Appeal of Florida, Third District.
July 26, 1977.
Bennett H. Brummer, Public Defender and Elliot H. Scherker, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Arthur Joel Berger, Asst. Atty. Gen., for appellee.
Before HENDRY, C.J., and PEARSON and NATHAN, JJ.
PER CURIAM.
Cyril Clinton Wythers was charged by information with robbery and with unlawful possession of a firearm while engaged in a criminal offense. He was tried non-jury, convicted on both counts, and sentenced to two concurrent ten-year terms in the state penitentiary, with eight years of each term to be served followed by two years probation.
The record reflects that during trial, the prosecutor cross-examined a police detective who was a defense witness, and asked what he said to the defendant prior to the lineup. The officer responded:
"I had informed Mr. Wythers that I was the investigator assigned to the case and that I did not originally investigate the case. He was advised of his rights and I asked him if he wanted to talk to me in regards to the matter and he stated that he did not."
Defense counsel objected and moved for a mistrial on the ground that this testimony was inadmissible as an improper comment on the defendant's right to remain silent. The prosecutor countered that he did not believe that this law was applicable to a non-jury situation, and further that he did not elicit this testimony and that it was the first time he heard it. Following argument on the motion, the judge stated that she knew of "case law right to the point," but that she did not know whether it applied to a non-jury case; she withheld ruling. At the conclusion of all the testimony, the court denied the defendant's motion for mistrial as follows:
"The case which you cite which is a proper case says that when you ask the Defendant anything regarding .. . whether he wants to say anything, that this is in violation of his Miranda Rights. However, I do not feel that this is applicable in a [non-jury trial]."
The judge then reviewed aloud, on the record, the evidence which would support a conviction, including that the defendant had been identified in a photographic lineup, and by fingerprints in the cash register.
The defendant contends that the court erred in admitting over objection the evidence *391 establishing the exercise of his right to remain silent, and in denying the motion for mistrial. He further contends that Bennett v. State, 316 So.2d 41 (Fla. 1975), and Shannon v. State, 335 So.2d 5 (Fla. 1976), mandate reversal in this case. The State has conceded that the testimony in question was inadmissible, but urges that Bennett and Shannon are inapplicable as they can be distinguished from the instant case in one material respect. That is, that they were jury trials, and this was a non-jury trial in which the judge recognized that the testimony was inadmissible and expressly stated on the record that her adjudication of guilt was based on substantial competent evidence other than the tainted evidence.
At the outset, we acknowledge that the testimony in question was inadmissible and that its admission constitutes an error of constitutional dimension. We agree with the specially concurring opinion in Martin v. State (Fla.3d DCA 1977), case no. 76-1035, opinion filed July 6, 1977, wherein it is stated that, "* * * a defendant has the same constitutional rights in every trial." Other Florida cases have held that in a non-jury trial, where the erroneous admission of damaging evidence may have deprived the defendant of a fair trial, a conviction will be reversed and the cause remanded for a new trial. Paul v. State, 340 So.2d 1249 (Fla.3d DCA 1976). See also Smith v. State, 340 So.2d 930 (Fla. 4th DCA 1976), and Mackey v. State, 234 So.2d 418 (Fla.3d DCA 1970). But we note Houston v. State, 337 So.2d 852 (Fla.1st DCA 1976), in which the court considered the weight of the evidence as to appellant's guilt, together with the fact that the trial was before a judge without a jury, and found that it was apparent that the error did not injuriously affect the substantial rights of appellant and was harmless error.
The federal courts take a position similar to that expressed in Houston, supra. For example, United States v. McCarthy, 470 F.2d 222 (6th Cir.1972), holds that less stringent standards govern a non-jury trial than a jury trial. The federal courts further have held that as a general rule, in a non-jury trial, the introduction of incompetent evidence does not require a reversal in the absence of an affirmative showing of prejudice. United states v. Penick, 496 F.2d 1105, 1108 (7th Cir.1974). See also United States v. Allstate Mortgage Corporation, 507 F.2d 492, 494 (7th Cir.1974); United States v. Smith, 465 F.2d 388, 391-392 (8th Cir.1972).
Another principle of law espoused by the federal courts is that the court cannot declare an error of constitutional dimension to be harmless unless it can declare with confidence beyond reasonable doubt that the record excludes the possibility that the evidence complained of might have contributed to the conviction. United States v. Smith, supra. In the instant case, we have an error of constitutional dimension, but we find beyond doubt that the record excludes the possibility that the testimony of the detective might have contributed to the conviction. We recognize that by and large, the Florida courts have required reversal where such error appears on the record, due to the substantial opportunity for prejudice to the defendant. But where, as here, there is an affirmative showing on the record that the judge recognized that the evidence was improper and inadmissible, and further that the judge then specifically stated the evidence against the defendant, which was competent substantial evidence to support a conviction, then we can infer that the judge did not take into consideration the inadmissible evidence in making a determination of guilt.
The other point raised on appeal by defendant is without merit and will not be discussed in this opinion.
Affirmed.
PEARSON, Judge (dissenting).
In my concurring opinion in Martin v. State, (Fla.3d DCA 1977), case no. 76-1035, released July 6, 1977, I argued that the rule requiring reversal in jury trials where the cross-examination of a defendant revealed *392 his Miranda warning silence[1] should attach with equal force in non-jury cases as well.
In the present non-jury case, the fact of the defendant's Miranda warning silence was brought to light through the cross-examination of a defense witness. I would apply the same principle here as I did in Martin v. State, supra. I, thereby, respectfully dissent.
NOTES
[1] Bennett v. State, 316 So.2d 41 (Fla. 1975); and Shannon v. State, 335 So.2d 5 (Fla. 1976).