363 So.2d 1166 (1978)
Parker Charles PEAK, Jr., Appellant,
v.
The STATE of Florida, Appellee.
No. 77-865.
District Court of Appeal of Florida, Third District.
November 7, 1978.
Rehearing Denied December 1, 1978.
*1167 Philip Carlton, Jr. and Thomas A. Wills, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and Calvin L. Fox, Asst. Atty. Gen., for appellee.
Before HAVERFIELD, C.J., and HENDRY and HUBBART, JJ.
HUBBART, Judge.
The defendant Parker Charles Peak, Jr. appeals a conviction of first degree murder and a sentence of life imprisonment with no eligibility of parole for twenty-five years entered in the Circuit Court for the Eleventh Judicial Circuit of Florida. He urges numerous alleged errors committed by the trial court as a basis for upsetting his conviction and sentence herein. We find no merit in these contentions and affirm.
First, the defendant attacks the constitutionality of the statute [§ 775.082(1), Fla. Stat. (1975)] under which he was sentenced to life imprisonment with no eligibility for parole for twenty-five years. The Florida Supreme Court has consistently upheld the constitutionality of this statute. McArthur v. State, 351 So.2d 972 (Fla. 1977); Banks v. State, 342 So.2d 469 (Fla. 1976); Owens v. State, 316 So.2d 537 (Fla. 1975).
Second, the defendant contends that the trial court erred in giving a modified Allen charge [Fla.Std.Jury Instr. (Crim.) 2.21] to the jury after approximately ten hours of jury deliberations. The Florida Supreme Court has upheld a similar verdict  urging jury instruction under circumstances parallel to the instant case. State v. Bryan, 290 So.2d 482 (Fla. 1974); Nelson v. State, 148 Fla. 338, 4 So.2d 375 (1941). See also Bryan v. Wainwright, 511 F.2d 644 (5th Cir.1975). As a corollary to this argument, the defendant further argues that the trial court erred in refusing to give a requested jury instruction similar to the modified Allen charge given by the trial court but with a slightly different emphasis. Once the modified Allen charge was given, however, there was clearly no need, in our view, for the trial court to give the defendant's requested charge.
Third, the defendant contends that the court made certain erroneous evidentiary rulings. He complains that the court excluded certain evidence touching upon his claim of self defense. In our view, the defense of self defense was never sufficiently raised at trial by the defendant or any other witness and accordingly the evidence in question was properly excluded. *1168 Bailey v. State, 155 Fla. 597, 21 So.2d 217 (1945); Williams v. State, 238 So.2d 137 (Fla. 1st DCA 1970). See also State v. Coles, 91 So.2d 200 (Fla. 1956). The defendant further complains that evidence obliquely tending to show that he had a prior criminal record was presented before the jury thereby necessitating a mistrial in this cause. As the defendant himself admitted on cross-examination at trial that he did in fact have a prior criminal record, we regard the inadvertent reference to the defendant's prior conviction as harmless. See Houston v. State, 337 So.2d 852 (Fla. 1st DCA 1976); Cunningham v. State, 239 So.2d 21 (Fla. 1st DCA 1970). The defendant also complains that a police photograph of the defendant was improperly admitted in evidence. We cannot agree. United States v. Davis, 487 F.2d 112 (5th Cir.1973).
The defendant finally contends that the trial court erred in overruling his objections to certain alleged prejudicial comments made by the prosecuting attorney in final argument to the jury and in denying his motion for mistrial based thereon. In our view, these remarks were insufficient to upset the conviction herein. Whitney v. State, 132 So.2d 599 (Fla. 1951); Gray v. State, 296 So.2d 612 (Fla. 3d DCA 1974); Frazier v. State, 294 So.2d 691 (Fla. 1st DCA 1974); Ricks v. State, 242 So.2d 763 (Fla. 3d DCA 1971).
Affirmed.