404 So.2d 1072 (1981)
Rodney WOOTEN, Appellant,
v.
The STATE of Florida, Appellee.
No. 78-1622.
District Court of Appeal of Florida, Third District.
June 16, 1981.
Bennett H. Brummer, Public Defender and Ronald A. Dion, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and James H. Greason, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, NESBITT and BASKIN, JJ.
SCHWARTZ, Judge.
The defendant was charged with the armed robbery of Charles Philp and, under Section 790.07(2), Florida Statutes (1975), with the separate crime of the possession of a firearm in the commission of that robbery.[1] The jury found him guilty of petty larceny, a misdemeanor, as a lesser included offense of the robbery count, and guilty as charged on the possession count. In this appeal Wooten contends that the latter adjudication and five-year sentence cannot stand. Because of the supreme court's decision in Mahaun v. State, 377 So.2d 1158 (Fla. 1979),[2] we are compelled to agree.
In Mahaun, the court held that a verdict of guilty of the lesser included misdemeanor of culpable negligence, reflecting an acquittal *1073 of the underlying felony of aggravated child abuse as charged, also required the vacating of a guilty verdict on a third degree murder charge based on that felony. At 377 So.2d 1161, it was stated that,
Mrs. Mahaun's conviction for culpable negligence effectively holds her innocent of the aggravated child abuse charge. Because the aggravated child abuse felony was an essential element of the felony murder, we hold that Mrs. Mahaun cannot be guilty of third-degree felony murder. [emphasis supplied]
This determination directly controls this case. By finding Wooten guilty only of a lesser included misdemeanor, the jury found him not guilty of the higher offenses of robbery, as charged in that count, and attempted robbery, concerning which it was also instructed.[3]West v. State, 53 Fla. 77, 43 So. 445 (1907); Fla.R.Crim.P. 3.640(a). This was plainly inconsistent with a violation of Section 790.07(2), Florida Statutes (1975),[4] of which an essential element was the commission or attempted commission of that very felony. Mahaun holds that in the event of a conflict of this kind between verdicts in a single case, the legally inconsistent guilty verdict must be set aside. Whatever our misgivings about that conclusion,[5] we are required to follow it.[6],[7] Accordingly, we reverse and vacate the judgment *1074 and sentence for possession of a firearm in the commission of a felony. The convictions for uttering, forgery[8] and petty larceny are affirmed.
Affirmed in part, reversed in part.
NOTES
[1] In the same trial, he was found guilty of six counts of forgery and uttering a forged instrument. No error is asserted as to the resulting judgments and sentences, and they are therefore affirmed.
[2] We disagree with the alternative rationales advanced by Wooten to support this result. His claim that he may not be convicted of more than one crime merely because they occurred during the same criminal transaction has been foreclosed by Damon v. State, 397 So.2d 1224 (Fla. 3d DCA 1981). (In any event, acceptance of this position would result only in vacating the judgment and 60-day sentence for petty larceny, as the lesser of the two offenses. See, State v. Pinder, 375 So.2d 836 (Fla. 1979); Jenrette v. State, 390 So.2d 781 (Fla. 3d DCA 1980).)

Relying on Busic v. United States, 446 U.S. 398, 100 S.Ct. 1747, 64 L.Ed.2d 381 (1980), Wooten also contends, as a matter of statutory interpretation, that since the punishment for robbery  as in the case of such other felonies as sexual battery, Sec. 794.011(3), Fla. Stat. (1975), and burglary, Sec. 810.02(2)(b), Fla. Stat. (1975)  is specifically enhanced by Sec. 812.13(2)(a), Fla. Stat. (1975) if the offender carries a firearm, there is no longer a separate statutory offense of possession of a firearm in the commission of that felony. We reject this contention because the legislature has evinced quite the opposite intent by enacting Sec. 775.021(4), Fla. Stat. (1977), providing that "[w]hoever, in the course of one criminal transaction or episode, commits an act or acts constituting a violation of two or more criminal statutes, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense, excluding lesser included offenses, committed during said criminal episode... ." See generally, Borges v. State, 394 So.2d 1046 (Fla. 4th DCA 1981).
We are constrained to point out, however, that the application of two presently-extant decisions of the supreme court has the same practical, if anomalous, effect of completely eliminating the firearm possession offense as a viable separate charge. If the defendant is found guilty of committing the underlying felony with a firearm, State v. Pinder, supra, precludes the entry of an additional adjudication or sentence on the possession charge. Cases collected, Damon v. State, supra, at note 8. But cf. Albernaz v. United States, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981); Whalen v. United States, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980); Damon v. State, supra, note 9; Monroe v. State, 396 So.2d 241 (Fla. 3d DCA 1981). On the other hand, if, as here, the defendant is acquitted of the felony  even if this occurs because of a jury pardon or otherwise  the "legally inconsistent verdict" theory of Mahaun likewise requires that a guilty verdict for possession be set aside. Contra, Redondo v. State, 380 So.2d 1107 (Fla. 3d DCA 1980), review granted, Fla. Case no. 59,302 (1981); Frazier v. State, 294 So.2d 691 (Fla. 1st DCA 1974), cert. denied, 307 So.2d 185 (Fla. 1975); but cf., Reeder v. State, 399 So.2d 445 (Fla. 5th DCA 1981). Thus, notwithstanding the clearly-expressed contrary intent of the legislature, and, in many cases, of the jury as well, § 790.07 has judicially been rendered entirely ineffective.
[3] This case is thus entirely distinguishable from McCray v. State, 397 So.2d 1229 (Fla. 3d DCA 1981). There, verdicts of not guilty of the underlying felony of aggravated assault and guilty of violating § 790.07(2) were held not inconsistent because the latter conviction could have been based on an attempted aggravated assault and the jury was not charged on attempt as a lesser offense of the substantive charge. McCray, supra, at note 3. Since the jury was so instructed in the present instance, it is, in contrast, impossible to reconcile the two verdicts returned below.
[4] Whoever, while committing or attempting to commit any felony ... displays, uses, threatens, or attempts to use any firearm ... is guilty of a felony in the second degree... ."
[5] See note 2, supra; Damon v. State, supra, note 10; McCray v. State, supra, note 2; Reeder v. State, supra ("[T]his case illustrates that when criminal procedure directs the jury to concern itself with both the truth of the charges and the consequences of its verdict, its findings as to guilt and its findings relating to matters that legally require a consequence deemed by the jury undesirable, may naturally be inconsistent. Such inconsistency is the price of a `jury pardon' philosophy.")
[6] While our contrary decision in Redondo, supra, was rendered subsequent to Mahaun, neither party called Mahaun to our attention before the opinion was released and there was no motion for rehearing afterwards.
[7] We do, however, to permit invocation of the jurisdiction of the supreme court pursuant to Fla.R.App.P. 9.030(a)(2)(A)(vi) and Art. V, § 3(b)(3), Fla. Const. (1981), certify that this decision, while in accord with Mahaun, is in direct conflict with Frazier v. State, 294 So.2d 691 (Fla. 1st DCA 1974), cert. denied, 307 So.2d 185 (Fla. 1975). Frazier, which we followed in Redondo, but which is not discussed in Mahaun, holds that the jury's failure to find guilt as to the underlying felony does not preclude conviction of the possession of a firearm while committing that felony, because any inconsistency is immaterial.
[8] See note 1, supra.