PER CURIAM.
Appellant was charged in a four count information with aggravated battery (counts one and two), aggravated assault (count three), and unlawful possession of a firearm while engaged in the criminal offense of aggravated battery (count four). His non-jury trial resulted in acquittal on the two counts of aggravated battery. He was found guilty of aggravated assault (count three) and unlawful possession of a firearm while engaged in a criminal offense (count four). Appellant was classified as a youthful offender and sentenced to three years imprisonment on the aggravated assault charge; entry of sentence on the firearm possession charge was suspended.
Appellant urges reversal of his conviction on count four on the ground that the trial judge erred in adjudicating, him guilty of possession of a firearm during commission of a felony when he was acquitted- of the underlying felony of aggravated battery.
We find merit in appellant’s contention and reverse his conviction on count four, possession of a firearm during commission of a felony. Redondo v. State, 403 So.2d 954 (Fla.1981); Wooten v. State, 404 So.2d 1072 (Fla. 3d DCA 1981), pet. for rev. denied, 412 So.2d 471 (Fla.1982).[1] However, since appellant was sentenced only on the aggravated assault charge, his three year sentence remains unaltered. Accordingly, we reverse and vacate the conviction for possession of a firearm in the commission of a felony. The judgment and sentence for aggravated assault are affirmed.
Affirmed in part, reversed in part.

. As in the Wooten case, the present case is distinguishable from McCray v. State, 397 So.2d 1229 (Fla. 3d DCA 1981), aff'd, 425 So.2d 1 (Fla.1983), where verdicts of not guilty of the underlying felony of aggravated assault and guilty of possession of a firearm during the commission of a felony were held not inconsistent because the latter conviction could have been based on an attempted aggravated assault since the jury was not charged on attempt as a lesser offense of the substantive charge. See Pitts v. State, 425 So.2d 542 (Fla.1983). Since we must assume that the able trial judge in appellant’s non-jury trial was aware of all applicable standard instructions, the two verdicts below are irreconcilable. See Wooten, supra, at note 3.