DANIEL S. PEARSON, Judge.
In an earlier appearance of this case, we reversed an order granting the defendants’ motion to suppress on the ground that the trial judge, then Judge Tendrich, had im-permissibly taken into account evidence of an experiment which we found inadmissible because of the defendants’ failure to establish a substantial similarity between the *22 conditions of the experiment and the conditions surrounding the events observed by the police. See State v. Arroyo, 422 So.2d 50 (Fla. 3d DCA 1982) (Arroyo I). Being of the view that Judge Tendrich’s premature admission of this evidence may have prevented the defendants from establishing the required predicate, we remanded the case for further proceedings on the motion to suppress. See State v. Arroyo, 422 So.2d at 53.
On remand, these further proceedings were conducted before Judge Mastos, Judge Tendrich’s successor in the Criminal Division. The defendants elicited testimony concerning a like experiment, supplemented by testimony to establish the required substantial similarity and to show that such dissimilarities as existed were not so significant as to affect the admissibility of the experiment. Judge Mastos ruled that the experiment was admissible, and although the State finds fault with this ruling, we think any dissimilarities between the experiment and the events to which it was to be compared went to the weight to be given the evidence of the experiment rather than its admissibility. Thus, we find no error in admitting the experiment.
The error we do find is that the trial judge who conducted the proceedings on remand misapprehended our apparently insufficient instructions.
The concern we expressed in Arroyo I was this:
“While it is possible that the trial judge’s disbelief of the officers’ testimony that the vehicles seen by them ‘weighed very, very heavily’ was not the sine qua non of his decision, his reliance on the experiment to impeach the officers’ testimony is inseparable from his various conclusions that there was no well founded suspicion to justify the stops; that the stops were unjustified by any knowledge or information that the defendants were involved in any violation of Florida law; and that there was an absence of probable cause.”
422 So.2d at 52 (emphasis supplied).
In other words, we did not know if Judge Tendrich’s reliance on the impeaching experiment was such that he discredited the officers’ testimony concerning only their observations of the loaded nature of the vehicles, or discredited the entirety of their testimony. While we were convinced that even absent the observations of the loaded vehicles, the officers’ other and earlier observations, if believed, would have provided a well-founded suspicion to justify the stops here involved, we were uncertain whether Judge Tendrich had completely disbelieved the officers.
We still do not have the answer. Judge Mastos, erroneously assuming that his predecessor’s ambiguous ruling established the law of the case, ruled that the experiment was admissible and therefore properly considered by his predecessor. Having done that, he granted the motion to suppress without considering what weight he would give to the experiment evidence; the extent of the effect, if any, this evidence would have on his view of the officers’ credibility; and what facts critical to the issue of the stop and search he believed or disbelieved. Under these circumstances, we cannot ascertain if the ruling on the motion to suppress involved a credibility determination by which we would be bound, or a determination as to the law by which we would not.
Accordingly, we reverse the order granting the defendants’ motion to suppress and remand the cause to the trial judge with directions that he, as fact-finder, give full consideration to all the evidence adduced in the prior proceedings and thereafter rule on the motion.
Reversed and remanded.