PATTERSON, Judge.
In this negligence action, Doreen and Harold Legg appeal from the orders denying them a new trial and a judgment notwithstanding the verdict. They also challenge the final judgment, which they allege awards them insufficient damages for injuries Mrs. Legg suffered while on the property of Super Saver Warehouse Club a/k/a Sam’s Wholesale Club (Sam’s) and which directs a verdict in favor of Ronald Dahl-man. Sam’s cross-appeals the denial of its motion for a directed verdict. We reverse the orders denying the Leggs a new trial and directing a verdict for Dahlman and affirm the denial of Sam’s motion for a directed verdict.
On August 10, 1990, while shopping at Sam’s, Dahlman placed twelve metal chairs on a flatbed cart in two stacks of six chairs each. He pushed the cart to the checkout area of the store without incident. Once he reached the cashier’s station, a Sam’s employee transferred the stacks of chairs from the cart Dahlman had used to a similar cart. The employee did not secure the load to the cart in any way after the transfer. Dahlman proceeded to the foyer area, where Anthony Ambrosio, a Sam’s employee, looked at his receipt and checked it against the load that was on the cart. Dahlman pushed the cart slowly forward, and as he hit the “doorsill,” the front wheels stopped and the front stack of chairs slid forward and toppled onto Mrs. Legg. At the time, Mrs. Legg was walking past the exit doors outside the store, looking out for traffic and other pedestrians on her way to the store’s entrance. She was unaware of Dahlman’s cart until she was knocked to the ground.
The Leggs brought suit against Sam’s for negligence in failing to properly load the flatbed cart or secure the chairs, in failing to supervise or instruct its employees in the proper loading of the cart, and for the dangerous condition on the premises posed by the raised threshold. The Leggs also sued Dahlman for failing to take steps to secure the chairs to the cart or to take any steps to keep the merchandise from falling off the cart.
Sam’s general manager, Nancy Anderson, testified at trial that she examined the area in the front of the exit doors and the threshold after' the accident and found nothing out of the ordinary. She stated that it was common for customers to walk immediately in front of the exit doors on their way to the entrance. She explained that it was Sam’s policy to have a store employee transfer the customer’s merchandise from their shopping cart to another cart to be used for carrying the merchandise from the checkout area to the parking lot. Sam’s employees are taught to use additional carts when a load is too large to be transported safely on one cart. They are not trained to secure merchandise to a single cart. Ms. Anderson had no notice that any customers or store personnel had previously had difficulty crossing the threshold.
Anthony Ambrosio testified that he had seen other carts come out of the store stacked with two stacks of chairs “quite a few times” and that he had never seen anyone having problems crossing the door threshold. Ambrosio stated that he did not notice anything about the way Dahlman was pushing the cart that appeared to be unsafe.
*169 At the conclusion of the Leggs’ case-in-chief, the trial court granted Dahlman a directed verdict. This was error. The evidence the Leggs presented is sufficient to create a jury question as to Dahlman’s negligence, if any. We therefore reverse and remand for a new trial as to all parties on all issues presented. We find Sam’s cross-appeal to have no merit and affirm the trial court’s denial of Sam’s motion for directed verdict.
Our decision renders the Leggs’ remaining points on appeal moot. However, we do find it necessary to comment on one of the points. The trial court admitted into evidence portions of a video tape produced by Sam’s which depicted several Sam’s employees pushing loaded carts through the exit door without incident. The tape does not depict activity showing sufficient similarity to the incident as described by the witnesses. See State v. Arroyo, 422 So.2d 50 (Fla. 3d DCA 1982). Thus, it was error to admit the tape.
Accordingly, we remand this case to the trial court for further proceedings consistent with this opinion.
RYDER, A.C.J., and HALL, J., concur.