794 So.2d 711 (2001)
Johnny RODRIGUEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D00-2799.
District Court of Appeal of Florida, Third District.
September 19, 2001.
Bennett H. Brummer, Public Defender, and Maria E. Lauredo and Lisa Walsh, Assistant Public Defenders, for appellant.
Robert A. Butterworth, Attorney General, and John D. Barker, Assistant Attorney General, for appellee.
Before LEVY, SORONDO, and RAMIREZ, JJ.
PER CURIAM.
Affirmed.
LEVY and SORONDO, JJ., CONCUR.
RAMIREZ, J. (concurring).
I concur that this case should be affirmed, but I write separately to express my continuing amazement at the alacrity with which prosecutors routinely and needlessly denigrate the fairness of a criminal trial. This was an open and shut case, yet the prosecutor felt compelled on redirect to ask the victim to repeat her testimony regarding how many burglaries her business had sustained. After reiterating that she had been victimized twenty-three times, the prosecutor then asked how many burglaries had occurred since Rodriguez's arrest. After objecting, defense counsel correctly stated at sidebar that the prosecutor's attempted inference that the problems stopped with Rodriguez's arrest was "one of the dumbest things [he] had ever heard." The prosecutor then stated that he was not doing it for any particular purpose, withdrew the question, and the trial court promptly instructed the jury to disregard it.
The evidence against Rodriguez was overwhelming, which makes this writer wonder why the State should feel the need to descend to such a reprehensible tactic. *712 Prosecutors should be reminded that their function is not only to obtain convictions, but to seek justice and promote fairness. "The American Bar Association Standards of Criminal Justice Relating to the Prosecution Function (adopted by Rule 4-3.8, Florida Rules of Professional Conduct) Standard 3-1.[2](b), provides, inter alia, that the prosecutor is an administrator of justice. As such, according to the Commentary, the prosecutor has an obligation `to guard the rights of the accused as well as to enforce the rights of the public.' The prosecutor acts as a servant of the law." State v. Lozano, 616 So.2d 73, 75 n. 5 (Fla. 1st DCA 1993); see also Frazier v. State, 294 So.2d 691, 692 (Fla. 1st DCA 1974) ("The state's attorney is not an attorney of record for the state striving at all events to win a verdict of guilty. He is a [quasijudicial] officer whose main objective should always be to serve justice and see that every defendant received a fair trial.") I urge that all prosecutors be reminded of this obligation.