DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**R.M.O.,** a Child,
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-3944

[November 26, 2014]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Robert A. Hawley, Judge; L.T. Case No. 312013CJ000285A.

Carey Haughwout, Public Defender, and Peggy Natale, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melvin G. Mosier, Assistant Attorney General, West Palm Beach, for appellee.

CIKLIN, J.

We affirm the trial court's order finding R.M.O. guilty as charged in the delinquency petition and withholding adjudication. Our review of the record reveals that any evidentiary errors committed by the lower court during the bench trial of R.M.O. were harmless.

Nonetheless, we write to remind all concerned of the special attention required of trial courts when making evidentiary rulings during non-jury trials.

We quote extensively from the Florida Supreme Court's instructive decision in *Petion v. State*, 48 So. 3d 726 (Fla. 2010):

> Ordinarily, where a trial judge, sitting, as here, as the fact-finder, erroneously admits evidence, he is *presumed to have disregarded the improperly admitted evidence,* and the error of its admission is deemed

harmless.  *Wythers v. State,* 348 So. 2d 390 (Fla. 3d DCA 1977); *Capitoli v. State,* 175 So. 2d 210 (Fla. 2d DCA 1965).  Where, however, *the record discloses that the trial judge relied upon the erroneous evidence, this presumption is overcome.*

[*State v.*] *Arroyo,* 422 So. 2d 50, 51 [(Fla. 3d DCA 1982)] (emphasis supplied) (federal citations omitted).  After articulating this standard of review, the Third District determined that the presumption was rebutted because it was "abundantly clear" that the inadmissible evidence "played a significant part in the trial judge's ruling" on the motion to suppress.  *Id.*  Considering the trial court's comments during the suppression hearing and the express statements in the written order granting the motion to suppress, the district court concluded that these comments indicated that while the results of the inadmissible experiment may not have been the "*sine qua non* of his decision," the trial court's "reliance on the experiment to impeach the officers' testimony [was] inseparable from his various conclusions" in support of granting the motion to suppress.  *Id.* at 52 [.] . . .

. . . .

However, we note that *Arroyo* frames the presumption in overly broad terms.  The appellate court should *not* presume that the trial court disregarded all improperly admitted evidence where the record reflects that the evidence was admitted over objection.  Hence, another method of rebutting the presumption is through a trial court's express admission of the evidence over objection.  In making the determination that the evidence is admissible, we would expect a trial court judge to believe that the evidence was properly before the trier of fact for consideration.  It would be nonsensical to hold otherwise and insulting to the training and experience of the trial judge to presume that the evidence was disregarded when the court made a conscientious ruling that the evidence was admissible.  In that circumstance, the trial court must make an express statement on the record that the erroneously admitted evidence did not contribute to the final determination.  Otherwise, the appellate court cannot presume that the trial court disregarded evidence which was specifically admitted as proper.

2

*Id.* at 734-35 (emphasis in original).

Quoting *Parks v. Zitnik*, 453 So. 2d 434, 437 (Fla. 2d DCA 1984), the Supreme Court held, however, that appellate courts still must conduct a harmless error analysis when reviewing a matter such as this:

> Where the proof of guilt is so convincing that a person would clearly have been found guilty even without collateral evidence introduced in violation of the evidence code, the violation of the code may be considered harmless.

*Petion*, 48 So. 3d at 735.  As we have noted, this is the case in the instant matter.

*Affirmed.*

DAMOORGIAN, C.J., and FORST, J., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***

3