PER CURIAM.
Louis Miller appeals his convictions and sentences for burglary, battery, obstructing a police officer, and criminal mischief. We affirm.
In our view the prior criminal conduct of the defendant was clearly admissible under section 90.404(2), Florida Statutes (1991), on the issues of defendant’s motive and intent, and to place the events in an understandable context. See § 90.404(2); Lazarowicz v. State, 561 So.2d 392, 395 (Fla. 3d DCA 1990).
Assuming, without deciding, that the prior episodes were not inseparable crimes, see generally Charles W. Ehrhardt, Florida Evidence § 404.17 (1993 ed.), and that ten days’ notice was required, see § 90.404(2)(b)(l), Fla.Stat. (1991), we find no abuse of discretion in the trial court’s admitting the evidence even though less than ten days’ notice had been given. The court conducted a hearing in limine on the “prior crimes” issue. The court was told, without contradiction, that the matters which were the subject of the State’s belated notice had all been covered by the parties during the depositions of the relevant witnesses. Although the trial court heard the parties at some length, the State’s representation on this point was not contradicted, nor was there any suggestion that the defense had been prejudiced by the late notice. The thrust of the defense argument was that the prior episodes should not be admitted at all, and not that the filing of the late notice had surprised or prejudiced the preparation of a defense.
As to the second point on appeal, “[w]e can find no abuse of discretion in limiting rein-struction to a direct response to the jury’s specific request.” Henry v. State, 359 So.2d 864, 867 (Fla.1978).
*244 As to the third point, the State concedes that the sentence as presently structured violates subsection 948.03(5), Florida Statutes (Supp.1992). Accordingly, the sentencing order is reversed and the cause remanded for resentencing.
Convictions affirmed; sentence reversed and cause remanded for resentencing.