TAYLOR, J.
In these appeals, consolidated for opinion purposes, Tremayne King challenges two convictions and sentences for first degree murder and convictions for firearms offenses. The sole issue raised by appellant in these appeals is the admission of collateral crime evidence at his bench trials. We find no reversible error in either case and affirm his judgments of conviction and sentences.
Briefly summarized, evidence presented at these non-jury trials showed that appellant shot and killed Stacey Daniels, a drug dealer for whom appellant had worked, distributing drugs. Appellant told his half-brother, Cornelius Terry, about the murder. Later, he admitted to Maria Woods, his live-in girlfriend and mother of his child, that he killed Daniels. Appellant then told Terry that he would also have to kill Robert Murray, his best friend, because Murray knew too much about the Stacey Daniels murder.
As planned, appellant killed Murray. He told Terry that he shot Murray in the back of the head as he was looking out the passenger window of appellant’s rented car, and then pushed Murray out of the car. Shortly thereafter, appellant told Terry about his plans to kill Maria Woods because she knew too much about both murders. He said he was going to enter her residence while she was away dropping her kids off at school and then blow her brains out when she returned home. At that point, Terry decided to go to the police.
Appellant was arrested after a neighbor saw him jump a fence and climb on the balcony of Woods’ townhouse. A .38 caliber revolver was found in appellant’s possession.
Appellant was indicted for first degree murder of Stacey Daniels in Case No. 05CF1928A02. He was also charged by amended information with carrying a concealed weapon and possession of a firearm by a convicted felon in Case Number 05CF1927A02. Appellant waived jury trial in these consolidated cases. At his bench trial, appellant conceded guilt on the firearms charges and asserted self-defense on the murder charge. The trial judge found appellant guilty as charged on all three counts and sentenced him to life without the possibility of parole for first degree murder with a firearm, five years for carrying a concealed weapon charge, and fifteen years for possession of a firearm by a convicted felon. The sentences on the firearms convictions were to be served concurrently with each other and consecutively to the life sentence.
Appellant was charged by information with second degree murder with a firearm in the killing of Robert Murray. He again elected a bench trial, which was held before the same judge who had tried him in the Daniels murder case six months earlier. The trial judge found appellant guilty as charged and sentenced him to a mandatory life sentence, to be served consecutively to the life sentence imposed in the Daniels murder case.
Appellant’s sole argument on appeal of the above cases is that the trial court abused its discretion in allowing evidence of collateral crimes. As to the Daniels murder case, appellant argues that evidence that he murdered Robert Murray and threatened to murder Maria Woods should not have been admitted under § 90.404(2), Fla. Stat. (2007). That section states, in pertinent part:
*113 (a) Similar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue ... but it is inadmissible when the evidence is relevant solely to prove bad character or propensity.
The test of the admissibility of collateral crimes is relevancy. McLean v. State, 934 So.2d 1248, 1255 (Fla.2006). In the Daniels murder case, evidence of appellant’s collateral acts of murdering Murray and attempting to murder Woods because “they knew too much” was relevant to show consciousness of guilt and also to negate appellant’s claim of self-defense. See Straight v. State, 397 So.2d 903, 908 (Fla.1981). In Straight, the supreme court held that testimony establishing that the defendant fled and. fired his gun at police officers when they attempted to arrest him for murder was relevant to the issue- of his guilty knowledge and thereby to the issue of guilt. The court explained:
When a suspected person in any manner attempts to escape or evade a threatened prosecution by flight, concealment, resistance to lawful arrest, or other indication after the fact of a desire to evade prosecution, such fact is admissible, being relevant to the consciousness of guilt which may be inferred from such circumstances.

Id.

Murdering or attempting to murder potential witnesses who “know too much” about a first murder is an extreme attempt to evade prosecution. Evidence relating to such acts is highly relevant and admissible to show consciousness of guilt of the first murder. See People v. Baptist, 76 Ill.2d 19, 27 Ill.Dec. 792, 389 N.E.2d 1200, 1204 (1979) (“Evidence that defendant attempted to kill eyewitnesses to the Blue shooting is relevant and therefore admissible, in that it shows a consciousness of guilt.”); People v. Brown, 358 Ill.App.3d 580, 294 Ill.Dec. 7886, 831 N.E.2d 1113, 1120 (2005) (holding that evidence that defendant solicited cellmate to kill eyewitness was admissible to show consciousness of guilt); People v. Brandon, 197 Ill.App.3d 866, 146 Ill.Dec. 77, 557 N.E.2d 1264, 1271 (1990) (holding that evidence of defendant’s attempt to murder eyewitness was admissible to show consciousness of guilt). We thus find no abuse of discretion in the admission of evidence in this case.
In the second degree murder case involving the killing of Robert Murray, appellant objected to admission of portions of his taped statement to police. In his statement, wherein he admitted shooting Murray, appellant discussed his entry into Maria Woods’ home, his plan to kill Woods, and his possession of a firearm at the time of the break-in. He contends that this evidence of other crimes was inadmissible under section 90.404(2)(a), Florida Statutes, because it was presented solely to show appellant’s bad character or propensity to crime. We disagree and find no reversible error in admitting this evidence. Moreover, we note that this was a bench trial, wherein the trial court specifically stated that it was not considering testimony other than that directly related to the murder of Robert Murray, and that it would disregard any evidence that was not relevant or material. Further, in a bench trial, there is a presumption that the trial court disregards any erroneously admitted evidence. C.W. v. State, 793 So.2d 74 (Fla. 4th DCA 2001); Daniels v. State, 634 So.2d 187, 190 (Fla. 3d DCA 1994); State v. Arroyo, 422 So.2d 50, 51 (Fla. 3d DCA 1982); see also, First Atlantic Nat’l Bank of Daytona Beach v. Cobbett, 82 So.2d 870, 871-72 (Fla.1955).
Even assuming that it was error to have admitted those portions of appellant’s statement wherein he confessed to other *114 crimes, we conclude that such error was harmless in this case.

Affirmed.

WARNER, and POLEN, concur.