PER CURIAM.
Appellant appeals his conviction for robbery with a firearm and sentence to life in prison as a prison releasee reoffender. Appellant raises two issues. First, he claims fundamental error requires reversal of his robbery conviction because the defense of self-help — a defense he did not raise below — negates the elements of the offense. We find this issue to be clearly without merit. Second, appellant claims the trial court erred in allowing the state to introduce collateral crime evidence without providing ten days’ notice under section 90.404(2)(d)l., Florida Statutes (2012). The collateral crime evidence consisted of appellant shooting the robbery victim the night before the originally scheduled trial. The trial court properly admitted this evidence as relevant evidence under section 90.402, Florida Statutes (2012), to show consciousness of guilt. See Heath v. State, 648 So.2d 660, 664 (Fla.1994); King v. State, 988 So.2d 111, 113 (Fla. 4th DCA 2008). The notice requirement of section 90.404(2)(d)l. did not apply, and even if it did, any error was harmless because defense counsel had prior knowledge of the collateral crime evidence. See Fey v. State, 125 So.3d 828 (Fla. 4th DCA 2013); Miller v. State, 632 So.2d 243, 243 (Fla. 3d DCA 1994).

Affirmed.

TAYLOR, LEVINE and KLINGENSMITH, JJ., concur.