# Third District Court of Appeal

## State of Florida

Opinion filed March 22, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1913
Lower Tribunal No. F10-23279
_____

**Neftali DeJesus,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Mavel Ruiz, Judge.

Neftali DeJesus, in proper person.

Ashley Moody, Attorney General, for appellee.

Before EMAS, HENDON and MILLER, JJ.

PER CURIAM.

Affirmed. See Petion v. State, 48 So. 3d 726, 730 (Fla. 2010) (acknowledging that in a nonjury case there is a rebuttable presumption that the trial court based its decision upon admissible evidence and disregarded any inadmissible evidence; "if a trial judge receives evidence as the finder of fact and hears inadmissible evidence, such as through a suppression hearing, a proffer, a motion in limine, or prior to sustaining an objection to the evidence, the judge is generally presumed to have disregarded the improper evidence. Therefore, any error in the trial judge's exposure to this improper evidence is deemed harmless"; further, where the trial court, sitting as factfinder, makes an express statement on the record that erroneously admitted evidence was not considered or did not contribute to the court's decision, any error in the admission of that evidence will ordinarily be presumed harmless, in the absence of a showing that the trial court actually relied upon the erroneous evidence in reaching its determination); King v. State, 988 So. 2d 111, 113 (Fla. 4th DCA 2008) (noting that "in a bench trial, there is a presumption that the trial court disregards any erroneously admitted evidence" and further noting that the trial court "specifically stated that it was not considering testimony other than that directly related to the murder").